**AMERICAN VISUALS CORPORATION,**
**Plaintiff,**

v.

**Frederick A. HOLLAND and Sam**
**Schwartz, Defendants.**

United States District Court
S. D. New York.

Aug. 5, 1954.

Order Affirmed Feb. 2, 1955.

See 219 F.2d 223.

**514**

Socolow, Stein & Seton, New York City, for plaintiff.

Mallin & Gross, New York City, Armand E. Lackenback and Burton Perlman, New York City, of counsel, for defendants.

DAWSON, District Judge.

This is a motion to restrain defendants from publishing, selling, marketing, or otherwise disposing of copies of a pamphlet or book entitled "It Can't Happen To Us", and to require that defendants impound all copies of said pamphlet or book in their possession or under their control.

The complaint alleges five causes of action: The first and second causes of action allege, as against the two defendants, respectively, infringement of a registered copyright. The third and fourth causes of action allege, as against the two defendants, respectively, that the act of publishing and vending the book in question constituted "unfair competition". The fifth cause of action, which is alleged against both defendants, alleges

that the defendants had been in the employ of the plaintiff, and that by reason of the nature of their employment, and the matters upon which they worked, the publication of the book by them, after they left their employment, constituted a violation of a duty owed by them to the plaintiff.

The complaint has annexed to it the book or pamphlet, which is alleged to have been copyrighted, entitled "Killer In The Streets", and also the book or pamphlet which is alleged to be an infringement, entitled "It Can't Happen To Us". Each of the books is composed of drawings and captions in what is sometimes called "comic book" style. The episodes in each of them show the results of poor or reckless driving of automobiles. Each of the books is designed for distribution by organizations interested in promoting careful driving of automobiles.

It is well settled that copyright does not extend to an idea, but only to the execution or development of the idea. Holmes v. Hurst, 1898, 174 U.S. 82, 19 S.Ct. 606, 43 L.Ed. 904; Nichols v. Universal Pictures Corp., 2 Cir., 1930, 45 F.2d 119, certiorari denied, 1931, 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795; Guthrie v. Curlett, 2 Cir., 1929, 36 F.2d 694.

An examination of these two books or pamphlets does not sufficiently indicate that the execution of the basic idea in the first book has been plagiarized in the other. A pictorial representation of the dangers of careless or reckless driving is not, in and of itself, a subject for copyright. Likewise, there are certain obvious situations which would be pointed up in any such book as typical of the dangers arising from careless or reckless driving, such as speeding, passing another car on a hill, backing up without observing what might be in the rear, etc. The fact that certain episodes are used which are typical of the dangers of careless or reckless driving is not, in and of itself, sufficient to

indicate in a motion for preliminary injunction that the book in question was an infringement of the copyrighted book. See London v. Biograph Co., 2 Cir., 1916, 231 F. 696.

The treatment of the episodes in the second book is different. The art work is different. The composition is different. It thus does not appear that there is sufficient similarity in the execution of the work to justify the Court in reaching the conclusion on this motion for a preliminary injunction that the registered copyright has been infringed.

■ However, the plaintiff alleges that the defendants had been its employees, that they got the basic ideas for the book as a result of such employment, that they were the ones who developed the original book and were in charge of selling it for the plaintiff, and that after they left their employment with the plaintiff, they then undertook the preparation of the second book, and have been engaged in selling it. The plaintiff alleges that this sequence of events indicates unfair competition and a conspiracy to breach duties which they owed to their former employer. The terms and responsibilities of defendants' employment by the plaintiff, the circumstances of their leaving such employment, and of the publication of the second book present disputed questions of fact which cannot be decided on this motion and could only be decided at a trial. Furthermore, defendants urge that the book published by plaintiff has never actually been put into circulation in anything other than a technical sense, and that, therefore, there is no irreparable injury to the plaintiff arising from the publication of the second book. This again is a question of fact which cannot be determined upon this motion. It may be that the plaintiff will be able to succeed at a trial in establishing its cause of action, but the determination of this question must await a trial.

Motion denied.