UNITED STATES of America

v.

ONE 1951 OLDSMOBILE SEDAN MODEL 98, MOTOR NO. 8C 33349.

No. 4528.

United States District Court D. Connecticut.

Nov. 10, 1954.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

**516**

Norman Ebenstein, Thomas J. Mc-Donough, Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is an action for condemnation and forfeiture of a car on the ground that it was used to facilitate the sale of narcotic drugs. Barry Motors Company, holder of a conditional bill of sale on the car, is claimant.

### Findings of Fact

October 19, 1953 federal narcotic agents agreed to purchase on consignment from George Malloy, husband of the registered owner of the car in question, $100 worth of heroin on consignment for $60.

On October 20, the agents met Malloy by appointment and drove him to West Hartford, where he made a telephone call, then to East Hartford and South Windsor, to a deserted building on a dirt road. Malloy came out in ten minutes with capsules in his cupped hand. One of the agents furnished the cellophane cover of a cigarette package, into which Malloy dumped the capsules, and gave it to one of the agents. The capsules contained heroin. No revenue stamps were affixed to the package.

On October 22, pursuant to the agreement of October 19, the agents sought out Malloy to pay him the $60. He was found seated with his wife and one Morgan in a car across the street from 109 Clark Street, Hartford.

Malloy left the car and met the agents on the sidewalk. After a conversation with Malloy, in which they told him they had the money, Malloy entered the libelled car, which was standing empty behind the one in which he had been seated.

The agents entered the car with Malloy and one of them there gave Malloy the $60 in payment for the capsules of heroin received on October 20. Malloy then drove the agents to a restaurant in downtown Hartford and there dropped them.

### Discussion

The sole question in this case is whether the use of the car as a place of payment two days after the delivery of the narcotics is sufficient to constitute the use of the car to facilitate the transportation or sale of narcotic drugs.

Some courts have construed the statute, 49 U.S.C.A. § 781, quite narrowly. See Platt v. U. S., 10 Cir., 163 F.2d 165 (Bratton, C. J., dissenting), U. S. v. One 1949 Ford, D.C.W.D.N.C., 96 F. Supp. 341.

Others have more broadly defined the word "facilitate". U. S. v. One Dodge Coupe, D.C.S.D.N.Y., 43 F.Supp. 60; U. S. v. One 1941 Pontiac Sedan, etc., D.C. S.D.N.Y., 83 F.Supp. 999.

█ Since this statute relates to frauds on the revenue, it should be fairly and reasonably construed, so as to carry out the intention of the legislation. It should be construed less narrowly than penal statutes and others involving forfeitures. U. S. v. One 1941 Pontiac Sedan, etc., D.C., 83 F.Supp. 999, at page 1000.

The addition of the subdivision of the statute concerning facilitating transportation and sale makes it plain that some uses of the car were contemplated which did not involve use of the car directly in the transportation, concealment or possession of the narcotics.

"Facilitate" as used here means that the car was used to make easy, to promote, to help forward the purchase and sale of the heroin. U. S. v. One 1941 Pontiac, etc., supra, 83 F.Supp. at page 1000.

█ The use in this case was as a convenient place to pass the money due on the contract for sale of the drugs on consignment, less open to public observation than payment on the sidewalk. Such a use helped forward the sale, even though the car was not used to transport or conceal the narcotics, and although delivery had already been had.

The language of the statute is broad enough to reach the conclusion of the

transaction as well as the delivery itself.

Judgment of forfeiture may be entered. Form of judgment may be submitted on notice.