UNITED STATES of America
v.
ONE 1951 OLDSMOBILE SEDAN
MODEL 98, MOTOR
NO. 8C 6692.

No. 4526.

United States District Court
D. Connecticut.

Nov. 10, 1954.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Norman Ebenstein, Thomas F. McDonough, Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is an action for condemnation and forfeiture of a car on the ground that it was used to facilitate the sale of narcotic drugs. Barry Motors Company, holder of a conditional bill of sale on the car, is claimant.

### Findings of Fact

On September 24, 1953, two federal narcotic agents driving on Union Street, Hartford, near Canton Street, saw a drug peddler, Irving Evans, talking with George Malloy. They called Evans over to the car. He and Malloy got in. Under the direction of Malloy the agents drove to Capen Street looking for Johnny in a black Oldsmobile with dealers plates. At Canton and Main Streets they found parked a black Oldsmobile with dealers plates, with Johnny Cohens at the wheel.

Malloy left the agents' car and walked to the Olds, driving around the corner with Cohens, where the agents had driven, getting out and coming back to the agents' car while Cohens drove off, coming back in about five minutes. One of the agents gave $25 to Evans in the agents' car. Evans got out, walked over and got in the Olds. Malloy drove off. In about five minutes Evans came back on foot, got into the agents' car and passed two small manila envelopes containing heroin to the agents, for the $25 which had been received earlier. There were no internal revenue stamps on the packages.

The Oldsmobile was owned by Cohens.

### Discussion

The inferences which the government asks us to draw are that when Cohens first drove off he obtained the narcotics, and that when he drove Evans off thereafter it was for the purpose of making

# 518

the transfer of the narcotics to Evans. These inferences appear more probably than not the correct ones to be drawn from the facts proved. The Court so finds. Even if they were not, the car was used to transport Evans on his journey to obtain the narcotics, with the money paid in advance for them on his person.

This would be a use of the car to facilitate the sale and transportation of the narcotics within the meaning of the statute, 49 U.S.C.A. § 781. See memorandum in D.C., 126 F.Supp. 515.

Judgment of forfeiture may be entered.

Form of judgment may be submitted on notice.