**TED'S MOTORS, Inc., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15150.**

United States Court of Appeals, Eighth Circuit.

Dec. 29, 1954.

Merle L. Silverstein, University City, Mo. (Rosenblum & Goldenhersh, St. Louis, Mo., on the brief), for appellant.

Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of the United States in an action brought against One 1952 DeSoto Club Coupe, Motor No. S–17–41885, to obtain its forfeiture. Ted's Motors, Inc., intervened as claimant and respondent.

The appeal comes here upon an agreed statement which, so far as material, reads as follows:

"The libelant, the United States of America, filed its libel against the respondent motor vehicle, basing jurisdiction of the district court on Section 1355, Title 28, U.S.C.A., and Sections 781–788 of Title 49, U.S.C.A. In the libel it was alleged that the respondent motor vehicle was seized by officers of the St. Louis Metropolitan Police Department, and the seizure later adopted by libelant, on December 4, 1953, on land, in the City of St. Louis, for the reason that said motor vehicle was used to facilitate the transportation and sale of marihuana and marihuana cigarettes, narcotic drugs, in violation of Title 26, U.S.C.A., Sections 2590–2593, and contrary to the provisions of Sections 781–788 of Title 49, U.S.C.A. Appellant Ted's Motors, Inc., as an endorser with full recourse of a chattel mortgage and note covering said vehicle, intervened, said note and mortgage having been in default.

"At the hearing on said libel, Detective Corporal Albert Letz of the St. Louis Metropolitan Police Department testified that on December 3, 1953, just before midnight, he checked into the Majestic Hotel in downtown St. Louis and was taken to his assigned room by an elevator operator, Lyman Buckner. Officer Letz also testified that he inquired of Buckner whether it was possible for him, Letz, to get some marihuana. Buckner replied that he thought that the officer could. Later and early in the morning on December 4, 1953, Buckner came to Officer Letz's room and advised him that arrangements had been made to secure marihuana from another person, who, however, would not get off from work until 2:00 A.M., and who had to secure the marihuana from a place outside the hotel. Still later, at approximately 2:30 A.M., Buckner and another, Edward Pleasant, appeared in Officer Letz's room where the latter then purchased five rolled cigarettes, later analyzed to contain marihuana, and loose particles of what later was analyzed to be marihuana.

"Both Buckner and Pleasant were then placed under arrest. Following the arrests, the arresting officers learned that Buckner had a 1952 DeSoto automobile parked in front of the Majestic Hotel. At the trial this was identified as the respondent motor vehicle. Following his arrest Buckner stated to the arresting police officer that he loaned the use of this DeSoto automobile to Pleasant so that Pleasant could secure the marihuana from his home outside the hotel. Pleasant stated to police officers that he did use the DeSoto automobile, to go from the hotel and return to the hotel with the marihuana cigarettes and with the loose particles of marihuana. At the hearing on the libel, counsel for appellant objected to the testimony of Corporal Letz, regarding the statements made to him by Buckner and Pleasant, for the reason that such testimony was hearsay. This objection was overruled and the testimony was admitted into evidence.

"The automobile at the time of the seizure was owned by Lyman Buckner. It was seized, at its parked position in front of the hotel by the arresting officers and no contraband was found therein. The keys to the automobile were in the ignition and neither Buckner nor Pleasant had the keys on his person.

"Later in the day, both Buckner and Pleasant were interviewed by William F. Tollenger, a narcotic agent with the Bureau of Narcotics, Department of the Treasury, St. Louis, Missouri, at the headquarters of the St. Louis Police Department. During their respective interviews with Agent Tollenger, both Buckner and Pleasant reiterated their statements made earlier in the day to the arresting police officers. Agent Tollenger so testified. At the hearing on the libel counsel for appellant also objected to the testimony of Agent Tollenger with respect to the statements made to him by Buckner and Pleasant; the objection was made on the ground that the testimony was hearsay. This objection also was overruled and the testimony regarding the statements was admitted into evidence.

"There is no testimony in the record that the respondent motor vehicle was seen leaving the hotel or was seen returning to the hotel.

"Appellant introduced no evidence.

"Following the submission of the case on the testimony, a judgment was entered on June 25, 1954, forfeiting the respondent motor vehicle to the United States of America, libelant. * * *"

The appellant concedes that if the oral statements of Buckner and Pleasant, admitted in evidence over objection, were competent and sufficient to show probable cause for the seizure of the automobile and the bringing of the instant action for its forfeiture, the judgment must be affirmed, since, if probable cause was shown by the Government, the burden of absolving the vehicle from culpability was on the appellant, and the burden was not sustained. Section 1615, Title 19 U.S.C.A.; W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468; United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756, 758–759, certiorari denied 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363.

The appellant contends that the extrajudicial statements and admissions of Buckner and Pleasant were hearsay and inadmissible for any purpose, and that the action should have been dismissed upon the ground that probable cause was not "first shown for the institution of such suit or action," as required by § 1615 of Title 19 U.S.C.A., which is applicable because of § 784 of Title 49 U.S.C.A.

The necessity of showing probable cause in justification of seizures on land or sea has led to various definitions of the phrase. It is safe to say that it means less than prima facie legal proof and no more than " 'a reasonable ground for belief in guilt.' " Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543; See also, Locke v. United States, 7 Cranch 339, 348, 11 U.S. 339, 348, 3 L.Ed. 364; The Thompson, 3 Wall. 155, 162–163, 70 U.S. 155, 162–163, 18 L.Ed. 55; Dumbra v. United States, 268 U.S. 435, 439, 45 S.Ct. 546, 69 L.Ed. 1032; Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 75 L.Ed. 629; United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756, 759; Black's Law Dictionary, 3rd Edition, page 1427.

The specific question we are to decide is whether the admissions of the owner and of the driver of the accused car, under the circumstances shown by the evidence, furnished a reasonable ground for the belief that the car had been used for the transportation of contraband drugs. There can, we think, be no substantial doubt of the admissibility of this evidence on the issue of probable cause. The action was, in effect, against the owner of the car as well as the car itself; "for it is his breach of the laws which has to be proved to establish the forfeiture, and it is his property which is sought to be forfeited". Boyd v. United States, 116 U.S. 616, 637, 6 S.Ct. 524, 536, 29 L.Ed. 746. That being so, Buckner's admissions against interest constituted reasonable grounds for belief that his car had been unlawfully used, which justified its seizure and the institution of this action.

The appellant is of the opinion that the evidence complained of was not admissible, under the ruling of the United States Court of Appeals for the Seventh Circuit in United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756, at pages 760, 761, that the trial court "would seem to have properly disregarded" the incriminating testimony of the driver of the accused car in that case. The court went on to say: "However in view of our further conclusions, the propriety of the exclusion of this evidence is not decisive of the issues herein."

We have no doubt that information of guilt, even though hearsay and incompetent with respect to the merits of a case such as the instant one, may constitute probable cause or, in other words, a reasonable ground for a belief in guilt, justifying the institution of the action. Any other rule would seem to be

illogical, unrealistic and opposed to everyday human experience.

In Dobbins' Distillery v. United States, 96 U.S. 395, 402, 24 L.Ed. 637, the Supreme Court held that in a proceeding to forfeit a distillery for defrauding the government of taxes, the voluntary declarations of the lessee of the property, made at the time of his arrest, were competent evidence in the libel proceedings in which the owner was claimant.

Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 241, 75 L.Ed. 629, is authority for the proposition that information from a reliable source may furnish probable cause for search and seizure, and that it is not necessary that the government should have had before it "legal evidence of the suspected illegal act",—citing Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032, and Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543.

See, also, United States v. One 6–54–B Oakland Touring Automobile, D.C.D. Ariz., 9 F.2d 635, 636; United States v. One Buick Automobile, D.C.D.Vt., 21 F. 2d 789; Commercial Credit Corp. v. United States, 2 Cir., 58 F.2d 195, 197; United States v. One 1941 Buick Convertible Coupe, D.C.W.D.Tex., 61 F.Supp. 468; United States v. Physic, 2 Cir., 175 F.2d 338.

The reliance of the appellant upon the case last cited is misplaced. That case held that evidence obtained as the result of an unlawful search and seizure of an automobile would not sustain a judgment of forfeiture of the automobile accused. That was saying nothing more than that contraband evidence will not sustain the seizure of a car for carrying contraband drugs.

We think that Section 1615 of Title 19 U.S.C.A. contemplates that in an action such as this the Government shall show the information, facts and circumstances which led it to believe that the accused vehicle was subject to seizure and forfeiture, and that the court shall then decide whether probable cause has been shown for the institution of the action.

Our conclusion is that in the instant case probable cause for the institution of the action was shown, and that the court properly entered a judgment of forfeiture.

The judgment is affirmed.