439 F.2d 92
 UNITED STATES of America, Plaintiff-Appellant,
v.
ONE 1967 BUICK RIVIERA, 2-DOOR Motor and Serial No.
4948774916784, California License No. UJU-023, its
tools and appurtenances, Raul Ruiz,
Claimant-Appellee.
 No. 25932.
 United States Court of Appeals, Ninth Circuit.
 March 1, 1971.
 
 John S. Lane, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.
 David C. Marcus, Los Angeles, Cal., for claimant-appellee.
 Before CARTER, WRIGHT and TRASK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The government appeals from a judgment of non-forfeiture under 49 U.S.C. 781 et seq. This court has jurisdiction under 28 U.S.C. 1291. We reverse.
 
 
 2
 Under 49 U.S.C. 781 et seq., an action for forfeiture is an in rem proceeding against the vehicle. Forfeiture will be declared upon a showing of probable cause that it was involved in a violation of narcotic laws unless the claimant proves his right thereto. United States v. Andrade, 181 F.2d 42, 45 (9th Cir. 1950).
 
 
 3
 Claimant offered no evidence in the district court. Therefore, we must determine if there was probable cause for institution of the forfeiture action. See United States v. One 1950 Chevrolet 4-Door Sedan, 215 F.2d 482, 483 (10th Cir. 1954).
 
 
 4
 Probable cause for forfeiture exists if there is evidence sufficient to warrant the reasonable belief that a vehicle was used in violation of 781. In re One 1957 Buick Roadmaster Convertible, 262 F.2d 583 (6th Cir. 1958); Ted's Motors v. United States, 217 F.2d 777, 780 (8th Cir. 1954); See also Burge v. United States, 342 F.2d 408, 414 (9th Cir. 1965); United States v. Andrade, supra, 181 F.2d at 45; Drummond v. United States, 350 F.2d 983, 988 (8th Cir. 1965).
 
 
 5
 A review of the record discloses that the United States established the following facts. Paul Ruiz, son of the claimant, and Erlinda Roldan were observed by sheriff's deputies as they approached the libeled Buick on a street in East Los Angeles. The deputies noted that Roldan was staggering as though intoxicated. They saw Paul Ruiz help Roldan into the car, walk around to the driver's side, and prepare to enter.
 
 
 6
 When Ruiz observed the approaching officers, he reached across the seat to Roldan and then walked rapidly away. Roldan then exited and threw a white object under the car which, when retrieved by a deputy, proved to be a packet of heroin.
 
 
 7
 In response to questioning, Roldan stated that she did not know what the object was, but Ruiz had given it to her and told her to get rid of it. Ruiz and Roldan were placed under arrest on state narcotics charges and the car was impounded.
 
 
 8
 The facts established probable cause for the belief that heroin was 'possessed in the vehicle * * * or upon the person of anyone in * * * the vehicle.' 49 U.S.C. 781(a)(2).
 
 
 9
 The decision of the district court is reversed, and the case is remanded with instructions to enter a judgment of forfeiture.