UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1967 PORSCHE, MODEL 911–TARGA SERIAL NUMBER 500–677, MOTOR NUMBER 912–018, et al., Defendant-Appellant.

No. 72–2678.

United States Court of Appeals,
Ninth Circuit.

Feb. 20, 1974.

Carl B. Shapiro, San Anselmo, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Dennis M. Nerney, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH, GOODWIN and WALLACE, Circuit Judges

WALLACE, Circuit Judge:

Potter, the owner and operator of a 1967 Porsche Targa, was lawfully arrested for reckless driving and assault on an officer. Subsequently, while they were removing the Porsche from a restaurant parking lot at the request of the lot attendants, the arresting officers observed a brown leather pouch filled with hashish in plain view on the front seat of the car. The Porsche was seized and the government filed a complaint in rem requesting forfeiture pursuant to 49 U.S.C. §§ 781–788. The trial court, sitting without a jury, found that Potter had used the automobile to transport narcotics in violation of 49 U.S.C. § 781 and ordered that the automobile be forfeited to the government. Potter appeals and we affirm.

Potter, contending that the forfeiture procedures are in violation of the Constitution, argues (1) that the forfeiture itself violates due process, and (2) that the seizure without a hearing violates due process.

## I. THE FORFEITURE AND DUE PROCESS

Potter's first argument is based upon the concern over the constitutionality of forfeiture expressed in United States v. United States Coin & Currency, 401 U.S. 715, 720–21, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). The Court there indicated that a statute allowing property of the innocent to be forfeited might raise serious Fifth Amendment questions. However, the Court stated that the manifest intent of forfeiture statutes, when viewed in their entirety, is "to impose a penalty only upon those who are significantly involved in a criminal enterprise." 401 U.S. at 721–22, 91 S.Ct. at 1045. Since Potter does not contend that the trial court erred in finding that he owned the Porsche and used it to transport narcotics, he does not fall within the ambit of the Court's apparent concern for the innocent being deprived of their property because of the illegal acts of others. Consequently, we would not be justified in ignoring other Supreme Court as well as our cases which have consistently recognized the validity of forfeiture. United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L. Ed. 224 (1931); United States v. One 1967 Ford Mustang, 457 F.2d 931 (9th Cir.), cert. denied, 409 U.S. 850, 93 S.Ct. 59, 34 L.Ed.2d 92 (1972); D'Agostino v. United States, 261 F.2d 154 (9th Cir. 1958), cert. denied, 359 U.S. 953, 79 S. Ct. 739, 3 L.Ed.2d 760 (1959).

## II. SEIZURE WITHOUT A PRIOR JUDICIAL HEARING

Potter's second argument is based upon his conclusion that the government cannot interfere with private property rights without a prior hearing. As support for his position he cites Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); and Willner v. Committee, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963). In none of these cases, however, has the Court held that the Fifth Amendment mandates a hearing

in every situation where the government interferes with a private property interest. In each case the Court has carefully analyzed all the facts before it applied the due process talisman. As Justice Frankfurter, concurring in Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 162–63, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951), has said:

> Expressing as it does in its ultimate analysis respect enforced by law for that feeling of just treatment which has been evolved through centuries of Anglo-American constitutional history and civilization, "due process" cannot be imprisoned within the treacherous limits of any formula. Representing a profound attitude of fairness between man and man, and more particularly between the individual and government, "due process" is compounded of history, reason, the past course of decisions, and stout confidence in the strength of the democratic faith which we profess. Due process is not a mechanical instrument. It is not a yardstick. It is a process. It is a delicate process of adjustment inescapably involving the exercise of judgment by those whom the Constitution entrusted with the unfolding of the process.

 It would be a grossly inconsistent application of Justice Frankfurter's test to allow a deprivation of personal liberty by an arrest based on probable cause and yet not allow a deprivation of property without a prior hearing when there is probable cause to believe that the owner has used the property in violation of a statute providing for seizure. Certainly due process does not afford greater protection for property than it does for personal liberty. Due process does not entitle an individual to a hearing prior to arrest based upon probable cause. Similarly, due process does not entitle a person, who has used his property as an instrument of crime, to a hearing prior to seizure pursuant to statutory authority. To hold that due process requires a prior hearing in this situation would be to ignore the delicate process of adjustment entrusted to us by the Constitution. The interests of the government and the well being of society demand that the officers of the law be able to seize property used as an instrument of crime in violation of a statute providing for seizure. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925); United States v. Arias, 453 F.2d 641 (9th Cir. 1972); Lockett v. United States, 390 F.2d 168 (9th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149 (1968); Sirimarco v. United States, 315 F.2d 699 (10th Cir.), cert. denied, 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1032 (1963).

Affirmed.