**UNITED STATES of America**

v.

**ONE 1973 VOLVO.**

**Civ. A. No. A–73–CA–190.**

United States District Court,
W. D. Texas,
Austin Division.

March 12, 1974.

Asst. U. S. Atty. Edward M. Johnson, for libelant.

Kirk Kuykendall, Austin, Tex., for libelee.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Libelant has instituted this suit to forfeit a 1973 blue Volvo owned by the claimant, Alyse Rawland. Libelant alleges that the vehicle in question was used to facilitate a marijuana importation conspiracy entered into by the claimant and others to import marijuana into the United States from Mexico. Authority for the forfeiture is based on 49 U.S.C. § 781, 21 U.S.C. § 881, and 19 U.S.C. § 1595a.

In a forfeiture proceeding the libelant must show probable cause for instituting suit. United States v. Gramling, 180 F.2d 498 (5th Cir.1950). Probable cause must be something more than mere suspicion and must be generally regarded as reasonable under all the circumstances. Bush v. United States, 389 F.2d 485 (5th Cir.1968). Once probable cause has been shown, a case has been made for forfeiture, and the claimant then has the burden to prove the forfeiture is not within the statute. 389 F.2d at 489.

Since no marijuana was found in the Volvo, the probable cause issue in this case is whether under the forfeiture statutes the Volvo "facilitated" the importation, transportation, or sale of marijuana. The Court is of the opinion that probable cause was established by the libelant.

The libelant through the testimony of Sharon and Larry Baugh established that the claimant and her husband had used the Volvo to deliver monies to them in connection with a marijuana smuggling conspiracy. The Baughs testified

to the following. In April 1973 claimant delivered approximately $4,000 in cash to them with instructions to use the money to rent an airplane to use in smuggling in marijuana from Mexico. During April some 2800 pounds of marijuana was flown into Texas with the airplane that had been rented with the money supplied by claimant. Claimant's husband later delivered approximately $20,000 to the Baughs as payment for the April trips. In May 1973 claimant's husband delivered approximately $5,000 to the Baughs to rent another airplane for the same purpose. During May approximately 1300 pounds of marijuana was smuggled into Texas in the airplane rented with the money supplied by Mr. Rawland. In late May Mr. Rawland delivered approximately $15,000 as payment for the May trips. All the deliveries of money were made in the 1973 Volvo.

The Court is of the opinion that the use of the Volvo to carry money which was used both to pay for completed shipments of marijuana and to pay for renting the airplane which was used to fly in the marijuana "facilitated" the importation, transportation, and sale of marijuana. In United States v. One 1951 Oldsmobile Sedan, 129 F.Supp. 321 (E.D.Pa.1955), the Court held that when a car is used to lessen the burden or assist in the task of executing the illegal transaction, it facilitates the sale or transportation of the contraband even though the drug is never in the automobile itself. In United States v. One 1951 Oldsmobile, 126 F.Supp. 515 (D.Conn. 1954), the automobile was held to facilitate the sale of narcotics when the money was passed in the car. The Court finds that the use of the Volvo to pass money for the purposes previously described is "facilitation" within the meaning of the forfeiture statutes.

The claimant contends that the seizure and the forfeiture statutes are unconstitutional. She claims that (1) the seizure was an unlawful seizure under the Fourth Amendment, (2) the forfeiture statutes are unconstitutional for failure to provide notice and a hearing prior to the seizure, and (3) that the statutes and related regulations violated her Fifth Amendment right against self-incrimination. The Court finds no merit to these contentions.

■ Claimant contends that the seizure was unlawful because there was ample time to get a warrant before seizing the car. The Volvo was not seized until September 1973, some three months after its illegal use. In Sanders v. United States, 201 F.2d 158 (5th Cir. 1953), the Court held in a similar case that the Fourth Amendment did not protect against a seizure where there was no need for a search. Numerous other courts have held that the mere fact that the seizure was unlawful does not preclude forfeiture. See 8 A.L.R.3d 475 (1966).

■ Claimant's second point is that the forfeiture statutes are unconstitutional because they fail to provide a prior hearing before seizure of the property. Claimant relies on Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and its progeny. The Court is of the opinion that the forfeiture statutes are an exception to this line of cases because they, unlike those cases, involve seizure of property used in connection with criminal violation of the law.

■ Claimant also contends that the provisions which provide for remission are unconstitutional under the Fifth Amendment because they require a petitioner to establish that he has no knowledge or reason to believe that the vehicle was being used or would be used in the violation of the law. 28 C.F.R. 9.5. The Court finds no merit to this contention. The whole purpose of the remission procedure is to allow innocent third parties who have an interest in the vehicle to get the vehicle back. Additionally United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), does not support claimant's position. That case merely holds that a claimant may assert his

Fifth Amendment rights and refuse to answer questions in a forfeiture hearing. It is accordingly

Ordered, adjudged and decreed that the libelant's motion for summary judgment be, and hereby is, granted. This opinion shall constitute findings of fact and conclusions of law.