**UNITED STATES of America, Plaintiff,**

v.

**ONE 1973 DODGE VAN, VIN B21AE3X095937, BEARING 1973 MICHIGAN LICENSE 4037 EU, Defendant.**

**Civ A. No. 4–71895.**

United States District Court,
E. D. Michigan, S. D.

June 29, 1976.

Philip Van Dam, U. S. Atty., Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Peter J. Mitoff, Southfield, Mich., for defendant.

MEMORANDUM OPINION

KAESS, District Judge.

This is an action under the provisions of 49 U.S.C. §§ 781–788 and 21 U.S.C. § 881, et seq., for forfeiture of a motor vehicle, one 1973 Dodge Van, VIN B21AE3X095937, bearing 1973 Michigan License Number 4037 EU.

The Complaint alleges

That on or about November 19, 1973, the Defendant, one 1973 DODGE VAN, was used to facilitate the transportation, concealment, receipt, possession, purchase, sale, barter or exchange of marijuana which was a contraband article within the meaning of 49 USC §§ 781–788, and a controlled substance under the provisions of 21 USC § 801 et seq.

The following facts have been stipulated to by the parties:

1. That Robert Nickel was the owner of the 1973 DODGE VAN, Vehicle # B21AE3X095937, on November 19, 1973.

2. That Robert Nickel was arrested on November 19, 1973, by agents of the D. E. A. without an Arrest Warrant and without a Search Warrant.

3. That at the time of the arrest of Robert Nickel, he was seated behind the wheel of the van, which was parked in a parking lot, in the company of a Mr. Bledsoe, and that the motor had been turned off.

4. That Robert Nickel had in his personal possession and for his own use, 10.3 grams of marijuana.

5. That the Complaint filed against Robert Nickel on November 20, 1973, sets forth that he had in his possession approximately 11 grams of marijuana.

6. That Robert Nickel plead guilty to the charge of possession of 10.3 grams of marijuana on November 11, 1975, in the case of *United States v. Robert Nickel*, Criminal Action # 74–80799, and that he was sentenced on March 24, 1976.

The constitutionality of this statutory scheme which authorizes the forfeiture of a vehicle prior to judicial determination has been recently upheld by the Supreme Court in *Calero-Toledo, et al. v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

Courts are given little discretion in forfeiture cases. As the Court observed in *U. S. v. One 1971 Porsche Coupe Auto., V. I. No. 9111100355*, 364 F.Supp. 745 (E.D.Pa. 1973)

Whatever discretion there is in these matters is committed to representatives of the executive branch of government, not to the judiciary. The United States Attorney initially exercises his discretion in determining whether to initiate a forfeiture action. When such proceedings are instituted, if a decision is rendered adverse to a claimant, the claimant may appeal to the Attorney General, who may 'remit or mitigate (the forfeiture) upon such terms and conditions as he deems reasonable and just' if he feels that 'forfeiture was incurred without willful negligence or without any intention on the part of the petitioner . . . to violate the law,' or that other 'mitigating circumstances exist.' 19 U.S.C. § 1618. By 'long-standing, judge-made rule' the Attorney General's decision is unreviewable. See, e. g., *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir. 1972), and cases cited therein.

In a forfeiture action, the government bears the initial burden of showing probable cause for the institution of the suit. 19 U.S.C. § 1615; *U. S. v. One 1950 Buick Sedan*, 231 F.2d 219 (3rd Cir. 1956); *U. S. v. One 1973 Volvo*, 377 F.Supp. 810 (D.C.Tex.1974).

Probable cause for forfeiture exists if there is evidence sufficient to warrant the reasonable belief that a vehicle was used in violation of narcotics laws. *U. S. v. One 1967 Buick Riviera, 2–Door*, 439 F.2d 92 (9th Cir. 1971); *In re One 1957 Buick Roadmaster Convertible*, 262 F.2d 583 (6th Cir. 1958); *Ted's Motors v. U. S.*, 217 F.2d 777, 780 (8th Cir. 1954); *U. S. v. One 1949 Pontiac Sedan*, 194 F.2d 756 (7th Cir. 1952). The parties have stipulated that at

the time of his arrest, Robert Nickel was seated behind the wheel of the Van, and had in his possession 10.3 grams of marijuana.[1] This fact alone constitutes a sufficient showing of probable cause to believe that the vehicle was involved in the violation of narcotics laws. The burden of absolving the vehicle from culpability, therefore, shifts to the claimant to prove that the forfeiture does not come within the forfeiture statutes. *U. S. v. One 1973 Volvo, supra; U. S. v. One 1950 Buick Sedan, supra,* at 223; *U. S. v. One 1971 Porsche Coupe Auto., supra.*

■ The claimant argues that the vehicle was not used to *facilitate* the transportation, concealment, receipt, possession, purchase, sale, barter or exchange of marijuana within the meaning of the forfeiture statute, since the narcotics were for personal use only and were carried on his person.

This argument has been unsuccessfully advanced several times. In *U. S. v. One 1971 Porsche Coupe Auto., supra,* the claimant argued that Congress had intended to subject a vehicle to forfeiture only when it is a substantial incident in the traffic of narcotics, and not when the vehicle was carrying only an amount suitable for personal use of an addict. The court carefully analyzed the statutory language, stating

> Given this sweeping statutory language, it is impossible to conclude that Congress was concerned only with large scale trading in narcotics. The intent is clearly expressed to make unlawful (and therefore subject to forfeiture) the use of any vehicle for transporting, concealing or possessing *any* contraband article, and further to make unlawful the use of any vehicle to *facilitate* concealment, possession, purchase, sale, etc. of any contra-

band article. The statute clearly requires forfeiture where any contraband article has been physically within the vehicle. This conclusion is underscored by the cases on point.

Thus, in *Associates Investment Co. v. U. S.,* 220 F.2d 885 (5th Cir. 1955), forfeiture was ordered when two partially smoked marijuana cigarettes were found in a vehicle. The Court of Appeals noted that so long as contraband was concealed or possessed in the vehicle, it was unnecessary to show anything more. The small amount involved and the fact that only one illegal incident took place were both irrelevant. In *U. S. v. One 1957 Oldsmobile,* 256 F.2d 931 (5th Cir. 1958), forfeiture was ordered although only 13 grams of marijuana were found. In *U. S. v. One 1967 Buick Riviera, 2–Door, supra,* a single packet of heroin in possession of a passenger established probable cause. In *U. S. v. One 1973 Volvo, supra,* an automobile used to transport money to be paid for a shipment of marijuana and to be paid for the rental of an airplane was held to have "facilitated" violation of the narcotics laws.

Claimant argues that *Howard v. U. S.,* 423 F.2d 1102 (9th Cir. 1970), controls. In that case, Defendant Howard was arrested while driving a Chevrolet loaded with concealed marijuana. The Chevrolet had been under continuing surveillance since its entry into the United States from Mexico. It had been driven across the border by a Government informant, and left in a designated place. Howard arrived in the area in a Buick automobile, drove around the block, then parked the Buick across the street from the "load car." A few minutes later he was arrested and searched while driving the Chevrolet "load car." The keys to the

---

1. The claimant also raises the issue that the forfeiture is barred because the facts surrounding the arrest of Robert Nickel did not indicate the existence of probable cause to arrest or search defendant incident to the arrest. However, the claimant here plead guilty to possession of marijuana. No defense was raised during the criminal suit as to the legality of the arrest and subsequent search. As a general rule, by pleading guilty, the defendant waives

his right to later attack the legality of a search and seizure upon which the prosecution was based. Am.Jur.2d, Criminal Law, § 496. The plea of guilty is an admission of all of the material facts in the indictment.

However, this Court takes judicial notice of the contents of the file in Criminal Action No. 74–80799, and finds that the government had probable cause to arrest Robert Nickel.

Buick were taken from him by the arresting officers. As the court stated

> The officers had no warrant to search the Buick; there was no consent to the search; and the search was not incident to Howard's arrest. The Government's sole justification for the search was that it was incident to a seizure of the automobile under the forfeiture provisions of 49 U.S.C. §§ 781 and 782. That seizure was valid only if the seizing officers had probable cause to believe that the Buick had been used to 'facilitate' the transportation of marihuana in the load car.
>
> In this case . . . there was no evidence that the seizing officers had cause to believe that the Buick then contained, or ever had contained, contraband. . . . The use of an automobile to commute to the scene of a crime does not justify the seizure of that automobile under sections 781 and 782.

The facts of *Howard* are not applicable to the present situation. The Dodge Van in the present case was not used to transport an individual to the scene of a criminal activity. The criminal activity, possession of marijuana, was completed during the time the claimant was in the vehicle. The contraband was within the vehicle. It was not so far removed from the crime charged as to be unaffected by the criminal activity.

■ The claimant also argues that forfeiture should be denied in the present case because the government caused unreasonable delay in the prosecution of this matter, which has resulted in the material diminution of the value of the vehicle.

Six months elapsed between the seizure of the automobile and the commencement of the forfeiture action. The record indicates that there was attempt to serve the defendant during July and August of 1974. The Marshal certified that he was unable to locate the individual within the Judicial District. There was additional delay, caused by the disposition of the underlying criminal prosecution. In light of all the circumstances, it does not appear that the delay in the present matter was sufficient to constitute a denial of due process, or

necessitate the dismissal of the forfeiture action.

■ In certain instances, the government's action in seeking forfeiture may be quite harsh. However, as the Third Circuit noted, "However sympathetic we may be, we are bound when Congress, in the proper and prudent exercise of its authority, has spoken." *U. S. v. One 1950 Buick Sedan,* 231 F.2d 219, 223 (3rd Cir. 1956). *See also, U. S. v. One 1957 Oldsmobile Automobile, supra; U. S. v. Addison,* 260 F.2d 908 (5th Cir. 1958); *U. S. v. One 1971 Porsche Coupe Auto., supra.*

In light of the above considerations, an order of forfeiture is to be entered as to the 1973 DODGE VAN, VIN B21AE3X095937, bearing Michigan License 4037 EU. Costs are to be borne by the Government.