UNITED STATES of America, [Plaintiff],

v.

1979 MERCURY COUGAR VIN. 9H93H669155, ITS TOOLS AND APPURTENANCES, [Defendant].

No. 82–K–500.

United States District Court, D. Colorado.

Aug. 20, 1982.

Robert N. Miller, U. S. Atty., and Richard A. Jost, Asst. U. S. Atty., Denver, Colo., for plaintiff.

James M. Smith, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for forfeiture of a vehicle allegedly used to facilitate the transportation, sale, receipt, possession, concealment, purchase, barter, exchange, or giving away of a quantity of cocaine, a controlled substance within the meaning of 21 U.S.C. §§ 812 and 882(a). This matter is now before me on cross-motions for summary judgment, pursuant to F.R.Civ.P. 56, by the plaintiff and the claimant of the automobile, Errol Gonzales.

The government alleges, and provides affidavits and documents confirming the same, that on January 7, 1981, the claimant used the car to deliver a quantity of cocaine to special narcotics agent Maurice Brown. On January 13, 1981, the claimant introduced Agent Brown to his source of supply, Kenneth E. Shores, and Shores delivered a quantity of cocaine to Agent Brown in the car, after the claimant gave Shores the keys. Shores took the cocaine from the console of the car which he delivered to Agent Brown. The agents were introduced to Shores' source of supply, David Beard, in February, 1981. Beard delivered cocaine to the agents in April and May of 1981 and introduced them to his supplier, Kenneth Jones. The agents continue to pursue Jones' source of supply. Shores, Beard and Jones have all been convicted of drug charges based on these transactions but no charges were filed against the claimant.

On December 2, 1981, Agent Woods was informed that the claimant, using the subject car, was attempting to pick up a package at the United Airlines airfreight office, marked vitamins, which was suspected of containing narcotics. On December 4, 1981, after consultation with the Drug Enforcement Agency, the agents seized the car from the airfreight parking lot when the claimant returned to pick up the package. When the car was inventoried, with the claimant present, the agents found 36,000 stimulants and $4,806.

The money was released to the claimant and the stimulants were seized by the State Health Department for violation of the Embargo Act. By letter of January 11, 1982, the DEA referred the case to the United States Attorney's Office. On March 24, 1982 the United States Attorney's office filed this forfeiture complaint. Accordingly, the government asserts that it is entitled to judgment on these facts.

The claimant asserts, and provides supporting materials, indicating that the government alleged that the car was used to facilitate a cocaine transaction, that any cocaine-related activities with the car occurred in January, 1981, that federal agents seized the car without a warrant on December 4, 1981, and that the stimulants recovered were entirely legal and were embargoed by the state solely because they were allegedly misbranded.

Accordingly, the claimant asserts that if the forfeiture action is based on the January, 1981 cocaine-related activities, the warrantless seizure of the car 11 months after the illegal activity is an illegal seizure violative of the Fourth Amendment and the forfeiture statute and that in any event, the 11-month delay between the illegal activity and the seizure is unreasonable and violates the Due Process Clause of the Fifth Amendment. The claimant further asserts that if the government's forfeiture action is based on the December 4, 1981 activity, he is entitled to judgment because the car was not being used to facilitate cocaine-related activities as alleged in the complaint and as would justify a forfeiture under the forfei-

ture statute. Rather, the government only recovered legal stimulants and money at that time.

For the reasons expressed in this opinion, the cross-motions for summary judgment are denied.

## I. FORFEITURE ACTIONS

█ 21 U.S.C. § 881(a)(4) provides for the forfeiture of vehicles which are used, or intended for use to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of contraband including cocaine. The exceptions to the section provide that no conveyance used by any person as a common carrier in the transaction or business is subject to forfeiture unless it appears that the owner or other person in charge of the conveyance was a consenting party or privy to a violation of the subchapter. Further, no conveyance is subject to forfeiture under the instant provisions where the owner can establish that any act or omission in violation of the subchapter was committed or omitted by any person other than such owner when such conveyance was unlawfully in the possession of that person in violation of the criminal law of the United States or of any state. *United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 641 (D.Colo.1978).

█ Proceedings to obtain a forfeiture of a vehicle are generally considered *in rem* actions against the vehicle itself. *United States v. One 1976 Chevrolet Corvette*, 477 F.Supp. 32, 34 (E.D.Pa.1979). Traditionally, forfeiture actions have proceeded upon the fiction that inanimate objects themselves can be guilty. "Simply put, the theory has been that if the object is 'guilty' it should be held forfeit." *United States v. United States Coin & Currency*, 401 U.S. 715, 719, 91 S.Ct. 1041, 1043, 28 L.Ed.2d 434 (1971).

█ In a forfeiture action, the government bears the initial burden of showing probable cause for the institution of the suit. *United States v. One 1973 Dodge Van*, 416 F.Supp. 43, 45 (E.D.Mich.1976). Probable cause for forfeiture exists if there is evidence sufficient to warrant the reason-

able belief that a vehicle was used to facilitate a violation of the narcotics laws. *United States v. One 1967 Buick Riviera, 2-Door*, 439 F.2d 92, 93 (9th Cir. 1971). Once established, it is the claimant's burden to prove that the forfeiture does not fall properly within the act. *United States v. One 1976 Buick Skylark*, 453 F.Supp. at 642.

## II. UNREASONABLE SEIZURES

21 U.S.C. § 881(b) authorizes the seizure of property subject to forfeiture under the Act, "upon process issued pursuant to the Supplemental Rules for certain Admiralty and Maritime Claims." Rule C of these rules, which sets forth the procedures for *in rem* proceedings, provides that in statutory forfeiture actions a verified complaint shall be filed containing "such allegations as may be required by the statute pursuant to which the action is brought," Rule C(2), and "[u]pon the filing of the complaint the clerk shall forthwith issue a warrant for the arrest of the vessel or other property that is the subject of the action," Rule C(3). *See United States v. Pappas*, 613 F.2d 324, 326 (1st Cir. 1979).

Section 881(b) also enumerates four exceptions to its warrant requirement. The government apparently relies on the fourth exception, contained in § 881(b)(4), to justify its seizure of the claimant's car in the instant case. Section 881(b)(4) authorizes warrantless searches when "the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this [title]."

In *United States v. Pappas*, 613 F.2d at 329–330, the First Circuit interpreted the probable cause exception to the warrant requirement, § 881(b)(4), holding that this exception justifies "the warrantless seizure of an automobile only when the seizure immediately follows the occurrence that gives the federal agents probable cause to believe that the automobile is subject to forfeiture under section 881(a) *and* the exigencies of the surrounding circumstances make the requirement of obtaining process unreasonable or unnecessary." [Emphasis in original.] The Circuit court reasoned

that the forfeiture statute, § 881, is a punitive, quasi-criminal statute, that the Fourth Amendment prohibition against unreasonable searches and seizures applied to seizures under that section, and that a construction of that section consistent with the Fourth Amendment required that warrantless seizures be based on both contemporaneous probable cause and exigency. *Id.* at 328–330. The Circuit court then went on to hold that a seizure of the claimant's automobile 11 months after its use in violation of the narcotics law, failed to meet either the contemporaneous probable cause or exigency requirements. *Id.*

 I find the First Circuit's reasoning persuasive. Accordingly, if the government's December 4, 1981 warrantless seizure of the claimant's car was based on probable cause that the car facilitated a cocaine transaction in January, 1981, the claimant would be entitled to judgment under *Pappas*. However, the government asserts that it suspected that the claimant, with the use of the subject car, would pick up narcotics on December 2, 1981 and it also seized the car on that basis. I find that neither the government nor the claimant has presented conclusive evidence regarding whether the government had probable cause to believe that the claimant's car was being used to facilitate a drug transaction on or around December 4, 1981, and whether the exigencies of the surrounding circumstances, at that time, made the requirement of obtaining a warrant unreasonable or unnecessary. Accordingly, summary judgment on that point is inappropriate.

Moreover, since the January, 1981 cocaine transactions clearly do not justify the December, 1981 warrantless seizure, the government's forfeiture action, alleging that the subject car was used to facilitate a cocaine transaction, must be based on a transaction occurring on or around December 4, 1981. Since the federal agents recovered a substantial quantity of money and stimulants (albeit legal stimulants) in the subject car on December 4, 1981, I find that there is a genuine issue of fact whether the car was being used to facilitate a cocaine

transaction as would justify a forfeiture under 21 U.S.C. § 881.

### III. UNREASONABLE DELAY

 Since I have held that the instant forfeiture action may not be based on the January, 1981 cocaine transaction, I need not address the issue whether the 11-month delay between that transaction and the seizure violates the due process clause. I note however, by way of *obiter dictum*, that while due process requires that forfeiture *proceedings* be commenced without unreasonable delay, from the time of the seizure, *United States v. One 1971 BMW 4-Door Sedan*, 652 F.2d 817, 821 (9th Cir. 1981), forfeiture to the United States of a vehicle used for the transportation or sale of narcotics, occurs at the moment of the illegal use, even though the physical seizure may occur thereafter. *O'Reilly v. United States*, 468 F.2d 208, 210 (8th Cir.) *cert. denied*, 414 U.S. 996, 94 S.Ct. 351, 38 L.Ed.2d 234 (1973). Accordingly, the government does not waive its right to forfeiture by failing to seize promptly, if such seizure is within the five-year statute of limitations contained in 28 U.S.C. § 2462. *See id.*

For the reasons stated in this opinion it is hereby,

ORDERED that the cross-motions for summary judgment are denied. It is

FURTHER ORDERED that this civil action is referred to the United States Magistrate for purposes of scheduling discovery relating to the December, 1981, events and to prepare a pretrial order within the next ensuing 120 days.