DELL, Judge.
At an unreported forfeiture proceeding, the alleged owner of the vehicle made an ore tenus motion requesting the court to return her automobile because she had no other means of transportation. The trial court granted the motion and, according to appellant, sua sponte declared section 932.-703(1), Florida Statutes (1983), unconstitutional.[1] The order entered by the trial court stated that section 932.703(1) violated the due process rights of the vehicle owner based on North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), and declared the statute unconstitutional. However, the line of cases culminating with North Georgia Finishing, Inc. v. Di-Chem, Inc. do not apply to the forfeiture statute. See United States v. One 1973 Volvo, 377 F.Supp. 810 (W.D.Tex.1974); United States v. One 1967 Porsche, 492 F.2d 893 (9th Cir.1974).
Certainly due process does not afford greater protection for property than it does for personal liberty. Due process does not entitle an individual to a hearing prior to arrest based upon probable cause. Similarly, due process does not entitle a person, who has used his property as an instrument of crime, to a hearing prior to seizure pursuant to statutory authority. To hold that due process requires a prior hearing in this situation would be to ignore the delicate process of adjustment entrusted to us by the Constitution. The interests of the government and the well being of society demand that the officers of the law be able to seize property used as an instrument of crime in violation of a statute providing for seizure. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States v. Arias, 453 F.2d 641 (9th Cir.1972); Lockett v. United States, 390 F.2d 168 (9th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149 (1968); Sirimarco v. United States, 315 F.2d 699 (10th Cir.), cert. denied, 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1032 (1963).
United States v. One 1967 Porsche, 492 F.2d at 895.
We reverse the trial court’s order declaring section 932.703(1) unconstitutional.
REVERSED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.

. Appellee, the vehicle owner, has not filed a brief and has not challenged this statement.