**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY KNOWN AS 11348 WYOMING, DETROIT, MICHIGAN, Defendant.**

No. 88–CV–71573–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 11, 1989.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Steven Fishman, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### INTRODUCTION

This forfeiture action is presently before the Court on Plaintiff's motion for summary judgment. Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when

the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

## I. FACTS

The Plaintiff, United States of America, is seeking forfeiture of real property located at 11348 Wyoming in Detroit as proceeds traceable to narcotic sales as stated in 21 U.S.C. § 881(a)(6). The sole claimant in this case is Demetris Holloway. Mr. Holloway purchased the property on August 14, 1986.

## II. STATUTORY BASIS AND PROCEDURE

This action was brought pursuant to 21 U.S.C. § 881(a)(6) which provides in pertinent part, that:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter ...

The procedural course which these actions are to follow is that provided for in 19 U.S.C. § 1615, as incorporated by 21 U.S.C.

§ 881(d), which provides, in pertinent part, that:

In all suits or actions ... brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant ... Provided, that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court ...

■ In other words, once the Government establishes that there is probable cause to believe the property was purchased with proceeds traceable to illegal drug sales, the burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. If unrebutted, a showing of probable cause alone will support forfeiture. *United States v. Little Al*, 712 F.2d 133 (5th Cir.1983).

■ In accordance with section 1615, a claimant in a forfeiture proceeding may defend against forfeiture of its property in either or both of two ways: first, it may refute the government's showing of probable cause, and second it may come forward with affirmative evidence and prove, by a preponderance of the evidence, that the real property was not purchased with proceeds traceable to exchanges for controlled substances. *United States v. One 56–Foot Motor Yacht Named Tahuna*, 702 F.2d 1276, 1281 (9th Cir.1983). In this case the claimant has come forth with evidence in an attempt to refute the government's showing of probable cause. Specifically, the claimant has submitted to the Court an affidavit in which the claimant states that he purchased the real property in question "with money that was realized from gambling proceeds that he had recently won."

## III. ESTABLISHING PROBABLE CAUSE

■ The test for determining probable cause for forfeiture is similar to that for arrests, searches and seizures: the govern-

ment must show a reasonable ground for belief that there was an unlawful exchange of controlled substances, and that there is a substantial connection between that exchange and the property so that the drug proceeds are traceable to the property.[1] It is reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion. *United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 199 (6th Cir.1978); *United States v. One 1975 Chevrolet K–5 Blazer*, 495 F.Supp. 737, 740 (W.D.Mich.1980). The existence of probable cause is judged "not with clinical detachment, but with a common sense view to the realities of normal life. *United States v. $4,255,625.39*, 762 F.2d 895, 904 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). "Furthermore, probable cause may be based wholly on circumstantial evidence, . . . and that evidence may include facts learned after the actual seizure of the [property]." *United States v. $41,305.00 in Currency*, 802 F.2d 1339, 1343 (11th Cir.1986). *See also United States v. $4,255,625.39*, 762 F.2d 895, 902 n. 12 (11th Cir.1985). Finally, the probable cause requirement of 19 U.S.C. § 1615 may be established by otherwise inadmissible hearsay. *United States v. One 56–Foot Motor Yacht Named Tahuna*, 702 F.2d 1276 (9th Cir.1983). The rationale for allowing a plaintiff seeking a civil forfeiture to use hearsay evidence for the purpose of showing probable cause is to shift the burden of proof to the claimant. The government may only use hearsay on the preliminary probable cause issue and not on the merits of the dispute. *Ted's Motors Inc. v. United States*, 217 F.2d 777 (8th Cir.1954).

## A. PROBABLE CAUSE IN THE PRESENT CASE

■ To meet its burden of establishing probable cause to believe the property in question was proceeds traceable to exchanges for controlled substances, the Plaintiff relied on the following:

(1) The Claimant has been in and out of jail since he turned 18 years old. In 1980, he began a four-year prison term. He remained in prison until July 18, 1984. He was only out of prison for two months when he returned to prison in September of 1984. He remained there until December of 1984. Five months later, in May of 1985, Mr. Holloway returned to prison because during his stay at Milan in 1981, he was caught in possession of heroin in violation of 21 U.S.C. § 844(a). He was convicted and received a six-month sentence.

(2) Mr. Holloway has testified under oath that he received no income for the years 1980, 1981, 1982 & 1983 because he was in prison during those years. In 1984 Mr. Holloway ran a pool hall, but he did not keep records and does not remember how much money he made. In any event, he claims it was very little since he was in prison during most of 1984.

(3) In 1985, despite being out of jail only five months, Mr. Holloway claims to have earned $100,000 that year. He further claims to have obtained this large sum of money from gambling in Las Vegas and betting on horses at race tracks.

(4) In 1986, Mr. Holloway claims to have earned $170,000 by way of gambling on horses and in Las Vegas.

(5) Mr. Holloway purchased two Mercedes Benz automobiles, both of which have been seized by the Drug Enforcement Administration (DEA).[2]

(6) Mr. Holloway purchased three parcels of real estate, not including the one in question, which were all seized by the

---

1. The "substantial connection" requirement is not found in the statute, but rather in its legislative history, which indicates that, because of the penal nature of forfeiture statutes, "it is the intent of these provisions that property would be forfeited only if there is a substantial connection between the property and the underlying criminal activity which the statute seeks to prevent." Joint Explanatory Statement of Titles II and III of the Psychotropic Substances Act of 1978, Pub.L. No. 95–633, 92 Stat. 3768, *reprinted in* 1978 U.S.Code Cong. & Ad. News 9496, 9518, 9522.

2. 1981 Mercedes seized by DEA under a seizure warrant issued by Magistrate Hooe, Misc. No. 87–1311. 1986 Mercedes seized by DEA. *United States v. 1986 Mercedes Benz*, No. 87 CV–71113–DT (Judge DeMascio).

DEA.[3]

(7) On March 20, 1986, while driving a 1981 Mercedes, Mr. Holloway was stopped by Detroit police. $35,175 in cash was seized from inside the car.

(8) On September 1, 1986, Detroit police apprehended two youths, Walter Lee Bernett and Patrick Wilson, for possession with intent to sell cocaine and heroin. Both said they worked for Demetris Holloway selling drugs.

(9) On November 11, 1986, Mr. Holloway was seen leaving 3903 St. Aubin, a locale known to Detroit police as a distribution point for illegal drugs. He was stopped by the Detroit police for a traffic violation. The police found $92,871 in cash in the car.

(10) On March 19, 1987, Mr. Holloway was arrested by the DEA while driving a 1986 Mercedes. He had $2500 on his person and $12,000 in the car.

(11) Finally, on November 1, 1987, Mr. Holloway was arrested on a heroin distribution charge when he was found driving a vehicle with $32,488 in cash and 36 packs of heroin in his possession.

Given the facts of this case, it would go against the common sense view to the realities of normal life to believe one person could accumulate so much wealth in such a short period of time. In light of this, it is clear the Plaintiff had probable cause to seize the real property in question. Therefore, it is the claimant who must come forward with evidence to refute the probable cause.

## IV. COLLATERAL ESTOPPEL

■ To refute Plaintiff's probable cause, the claimant has come forward with an affidavit which essentially states that the money to buy the real property was "realized from gambling proceeds." Plaintiff, however, contends that the claimant is precluded from making this assertion. Plaintiff's argument is based on its claim of collateral estoppel. Specifically, Plaintiff claims that Mr. Holloway is estopped from claiming that the property in question was purchased with money realized from gambling proceeds as a consequence of an earlier court proceeding before Judge Michael Talbot, in Wayne County Circuit Court. The issue in that case was whether an amount of currency found in possession of Mr. Holloway was proceeds traceable to an exchange for illegal drugs, or as Mr. Holloway claimed, money realized from gambling. On November 16, 1987, Judge Talbot determined that the money found in the possession of Mr. Holloway was in fact proceeds from illegal drug sales, and not, as argued by Mr. Holloway, money realized from gambling. The money was forfeited. *People v. $100,000*, No. 86–600–042–PZ (Wayne County Circuit Court).

The doctrine of collateral estoppel dictates that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).

Before collateral estoppel may be applied to bar litigation of an issue, four specific requirements must be met:

(1) The precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

(2) determination of the issue must have been necessary to the outcome of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

---

**3.** 24507 Lafayette Circle. Seized by DEA, and forfeited to the United States. *United States v. 24507 Lafayette Circle*, No. 87–CV–4024 (Judge Suhrheinrich). 4095 Webb. Seized by DEA. Default Judgment of forfeiture entered. Motion to set aside default pending. *United States v.* *4095 Webb*, No. 88–CV–71574 (Judge Duggan). 7110 E. Warren. Seized by DEA, Consent Judgment of forfeiture for United States. *United States v. 7110 E. Warren*, 88–CV–60150 (Judge La Plata).

*N.A.A.C.P., Detroit Branch v. DPOA*, 821 F.2d 328, 330 (6th Cir.1987).

Applying these principles to the facts of this case it is clear that plaintiff's argument does not survive the first requisite. The plaintiff correctly points out that Mr. Holloway purchased the real property involved in this action before the police seized the money which was eventually forfeited in the earlier action. Plaintiff argues, therefore, that the money used to buy the real property must have been procured through means similar to those used to obtain the forfeited currency.[4] While this is a logical argument, it is not necessarily a sound legal argument. The precise issue raised in this case, whether Mr. Holloway purchased the apartment building located at 11348 Wyoming with money he realized from gambling, was not raised and actually litigated in the prior proceeding. Therefore, the claimant is not precluded from making the assertion he purchased the real property with gambling proceeds.

## V. CLAIMANT'S AFFIRMATIVE EVIDENCE

Having concluded that the claimant can assert gambling proceeds as the means by which the real property was purchased, the Court will examine the validity of such a claim and the claimant's affirmative evidence in support thereof. As stated above the plaintiff has met its initial burden of establishing probable cause to believe the real property was purchased with money obtained through unlawful means. It is the claimant's burden, therefore, to refute the probable cause with affirmative evidence.

■ In an attempt to refute the plaintiff's probable cause, Mr. Holloway has submitted an affidavit in which he states the property was purchased with money realized from gambling. This affidavit is conclusory and as such presents only the possibility of a legitimate source for the money. It is well established that such a *possibility* cannot vitiate the plaintiff's showing of a strong *probability* that the source of the money was in fact from illegal activity. *See United States v. $83,320*, 682 F.2d 573 (6th Cir.1982). Furthermore, due to the conclusory nature of his affidavit, and lack of any other affirmative evidence, Mr. Holloway has failed to raise a genuine issue of material fact. *See Weaver v. Jago*, 675 F.2d 116, 118 (6th Cir.1982). Finally, "[s]ummary judgment procedures under Rule 56, Fed.R.Civ.P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. *United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 199 (6th Cir.1978) (per curiam). Those procedures, unlike most civil proceedings, place the burden of proof on the owner or possessor, to establish the legitimacy of the purchase, provided that the government first makes a preliminary showing of probable cause to believe that the property was purchased with money from an illegal source. The claimant in this case, however, in opposing the plaintiff's motion for summary judgment, has failed to show, by the caliber and quantity of affirmative evidence, that a rational finder of fact could conclude that the property was purchased with gambling proceeds.

## CONCLUSION

It is the opinion of this Court, therefore, that the claimant has failed to refute plaintiff's probable cause or raise a genuine issue of material fact. Accordingly, the Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

## JUDGMENT

This matter having come before the Court on plaintiff's Motion for Summary

---

**4.** Plaintiff claims the precise issue raised and litigated in the Wayne County action was whether the source of Mr. Holloway's income up through November 6, 1986 was from gambling or from drugs. The Court, having carefully read the transcript of the Wayne County Circuit proceeding, is opined that the prior holding was not that broad. Rather, the court's decision to not accept Mr. Holloway's explanation of the source of the money was limited to that case only.

Judgment, and the Court being fully advised in the premises; it is

ORDERED, ADJUDGED and DECREED that the plaintiff's motion for summary judgment against Real Property Known As 11348 Wyoming, Detroit, Michigan, further described as:

Lot 129, Lohrman's Subdivision of part of Northwest ¼ of Northwest ¼ of Section 33, Greenfield Township, according to the Plat thereof as recorded in Liber 31, Page 72, Wayne County Records

is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the defendant Real Property Known As 11348 Wyoming, Detroit, Michigan, is hereby FORFEITED to the United States of America pursuant to 21 U.S.C. § 881(a)(6);

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the right, title, and ownership interest of Demetris Holloway or his successors and assignees, in the defendant property, and any right, title, and ownership interest to the defendant property of any other person, is hereby and forever EXTINGUISHED and that clear title to the defendant property is hereby VESTED in the United States of America;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the United States Marshal for the Eastern District of Michigan, Anthony J. Bertoni, or his delegatee, be and is hereby AUTHORIZED to dispose of the defendant property according to law.