**UNITED STATES of America, Plaintiff,**

v.

**ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES KNOWN AS 288–290 NORTH STREET, MIDDLETOWN, NEW YORK, and a Grocery/Deli Business Therein, Defendant-in-rem.**

**Jerry Nelson, a/k/a Jerry Reyes Nelson, Claimant.**

**No. 88 Civ. 6259 (DNE).**

United States District Court, S.D. New York.

Aug. 16, 1990.

---

## OPINION AND ORDER

EDELSTEIN, District Judge:

Claimant Jerry Nelson moves to dismiss the Government's complaint seeking the forfeiture of the defendant-in-rem. The Government cross-moves for summary judgment pursuant to 21 U.S.C. § 881(a)(7). For the reasons stated below, claimant's motion to dismiss is denied and the Government's cross-motion for summary judgment is granted.

### BACKGROUND

On September 9, 1988, the United States commenced this civil forfeiture action against 288–290 North Street, Middletown, New York ("the property"), consisting of real property, a grocery/deli business, and three apartments. The Clerk of the Court for the Southern District of New York issued an in-rem warrant pursuant to Rule C(3) of the Supplemental Rules, authorizing

the United States Marshall to seize the property. A notice of pendency was issued on September 12, 1988 and was recorded at the county clerk's office, Orange County, New York, on September 16, 1988.

Although Rule C(3) permits the Clerk of the Court to issue a seizure warrant, on September 20, 1988, the Government made an *ex parte* application before this court for a seizure warrant pursuant to information contained in the verified complaint filed on September 9, 1988. This court granted the seizure warrant which authorized the United States Marshals Service to seize the property, to conduct a structural inspection of the property and to evict the tenants occupying the second-floor apartments on the property. On September 22, 1988, the Marshals Service executed the seizure warrant.

Between January, 1988 and September, 1988, the Middletown City Police Department conducted an investigation of narcotics violations at the property. During this period four search warrants were executed and at least thirty arrests were made at the property in connection with narcotics violations. The claimant and record owner of the property Jerry Nelson, a/k/a Jerry Nelson Reyes ("Nelson"), and members of his family were arrested at the property for the sale and possession of narcotics.

The nine month investigation included the following specific incidents:

On January 17, 1988, narcotics officers observed Neftali Reyes, claimant's brother, making several narcotics deals out of a second-floor apartment at the property. Neftali, with Nelson present, was arrested for the criminal possession and sale of a controlled substance and resisting arrest.

On January 19, 1988, and February 11, 1988, claimant was present when search warrants were executed at the property. The two searches resulted in the arrests of three subjects for narcotics violations and the seizure of a sum of money containing several bills from a controlled narcotics purchase, known as "buy money." After his January 19, 1988 arrest at the property, Felix Delmoral gave a sworn statement that Nelson was the "top man" for drugs in the area and that he was selling drugs for Nelson.

After the arrest of Cynthia Riker on April 1, 1988, for the sale and possession of "crack," a cocaine derivative, an officer told Nelson that he should be more careful about who he allowed on his property, since Riker was selling narcotics. Also on April 1, 1988, Nelson's brother, Neftali, was again arrested at the property for criminal possession and sale of a controlled substance. After being observed making sales of narcotics by narcotics officers, Neftali went inside the store located on the first floor of the property and threw a bag containing 177 vials of crack under the counter. Nelson was in the store at the time of this incident.

On May 27, 1988, Roberto Caldron was arrested at the property for two counts of criminal possession of a controlled substance and for selling narcotics. Caldron lived in one of the apartments at the time of his arrest.

On June 13, 1988, Nelson was present when Reinaldo Riveria was arrested for possession of crack. Once again, an officer informed Nelson that his property was being used for the sale of narcotics.

On July 5, 1988, Nelson was arrested for selling cocaine to a confidential informant at the property. Cocaine, one thousand four hundred dollars ($1,400) and an unregistered pistol were seized. A number of ten dollar ($10) bills recovered were marked as "buy money."

On August 22, 1988, and August 29, 1988, seven more individuals were observed by undercover police officers making sales of narcotics from the property. All seven were arrested on the property.

Between September 9, 1988 and September 20, 1988, four more incidents of narcotics deals were observed by undercover officers and six subjects were arrested at the property for the sale and possession of narcotics.

On September 22, 1988, pursuant to the seizure warrant granted by this court on September 20, 1988, the property was seized. During the seizure, Augustine

Romero was arrested for possession of narcotics after he was found with twenty vials of crack inside one of the apartments.

## DISCUSSION

The claimant moves to dismiss the complaint seeking the forfeiture of the defendant-in-rem and the Government cross-moves for summary judgment.

## I. CLAIMANT'S MOTION TO DISMISS

Claimant's motion to dismiss the Government's complaint challenges the constitutionality of the seizure statute and the sufficiency of the complaint.

### A. Constitutionality of 21 U.S.C. § 881

Claimant challenges the constitutionality of the seizure statute, 21 U.S.C. § 881, arguing it is unconstitutional on its face, unconstitutional as applied in the present action and that it permits an unreasonable seizure in violation of the Fourth Amendment. Each of these challenges are discussed *infra*.

### (i) Constitutionality of the Statute

■ Claimant contends that the statutory provisions of Section 881 which permit the Government to secure a seizure warrant without any judicial intervention is unconstitutional on its face. The seizure warrant at issue in the instant action was granted by this court after a determination of probable cause and a showing of exigent circumstances. Therefore, claimant's facial challenges to Section 881 are inapplicable to the instant seizure and are not properly before this court. *See, e.g., United States v. 4492 South Livonia Road*, 889 F.2d 1258, 1263 (1989), *reh'g denied*, 897 F.2d 659 (2d Cir.1990) (holding Section 881(a)(7) unconstitutional as applied to the seizure of a home, the court declined to rule on the facial constitutionality of Section 881(a)(7) under the doctrine of constitutional avoidance).

### (ii) Section 881 as Applied

Claimant also argues that Section 881 is unconstitutional as applied in the instant case.

In *United States v. 4492 South Livonia Road*[1], *supra*, the Second Circuit held the seizure of a person's home pursuant to Section 881, which does not provide for pre-seizure notice and opportunity to be heard, unconstitutionally deprives the homeowner of his property without due process of law even when there has been a pre-seizure probable cause determination. In *Livonia Road*, claimant was the owner of a 120 acre parcel of land with a house and several small buildings. *Id.* at 1260. The Government obtained a seizure warrant based on the observation police officers made of two individuals entering the property allegedly to obtain drugs for narcotics sales and the evidence obtained from a search executed at the property. *Id.* at 1261. The Court found the pre-notice seizure violated the claimant's due process rights. *Id.* at 1264–66. The court's holding, however, was expressly limited to the application of Section 881(a)(7) to a claimant's home: "Because appellant also claims that § 881(a)(7) is unconstitutional as applied to the seizure of his home, an issue that we ultimately find dispositive, we need not pass on the constitutionality of § 881(a)(7) under other circumstances." *Id.* at 1263.

The Court concluded that Section 881(a)(7), when applied to the seizure of a person's home, implicates two basic constitutional principles. First, notice and an opportunity to be heard generally precedes the taking of an individual's property. Second, "an individual's expectation of privacy and freedom from governmental intrusion in the *home* merits special constitutional protection." *Id.* at 1264 (emphasis added).

■ Here, the seized property is a two-story building containing a grocery store and three apartments, none of which con-

---

**1.** Claimant's motion was filed prior to the Second Circuit *Livonia Road* decision. After the ruling, claimant and the Government submitted supplemental memoranda on the instant matter in light of the *Livonia Road* ruling that Section 881 is unconstitutional as applied to the seizure of a home.

stitute the claimant's home. In claimant's supplemental memorandum filed after *Livonia Road*[2], Nelson alleges that he "considered" the one vacant apartment at the property to be his home; however, several factors belie this assertion. First, claimant's sworn affidavit merely asserts that he was the owner of the property at 288–90 North Avenue, not that it was his home. Secondly, at the time of the seizure, the United States Marshals Service's Report stated that two apartments were occupied by third parties and the third apartment was vacant.[3] Additionally, the notice of pendency filed by the Government listed the claimant's address as 9 Lincoln Street, Middletown, New York. Finally, the affidavit of Lt. Bonell III states that Nelson rented a different home in another area of Middletown. This court concludes that the seized property was not claimant's home; therefore the constitutional principles underlying *Livonia Road* are not implicated in the instant action.

Under the test set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Government's interest in pre-notice seizure must be weighed against the property interests of the claimant. The Supreme Court held that the constitutional adequacy of an *ex parte* procedure requires the balancing of three factors: (1) the significance of the property interest at stake; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional safeguards; and (3) the Government's interest in pre-notice seizure and avoiding burdensome additional procedures. *Id.* at 335, 96 S.Ct. at 903; *See also Livonia Road*, 889 F.2d at 1264.

■ With these interests in mind, this court must ultimately decide whether the due process balance favors the Government or claimant. In assessing the strength of the Government's interest, "[the court]

must determine whether this case presented exigent circumstances warranting the postponement of notice and the opportunity for an adversarial hearing." *Livonia Road*, 889 F.2d. at 1265. The *Livonia Road* Court noted that, as a general matter, exigent circumstances are less likely to be found when real property is at issue. *Id.* The Government in its application for a seizure warrant stated that there were continuing narcotics sales at the property and a seizure warrant was necessary to evict the drug dealers that operated out of the premises. *See* Transcript, September 20, 1988, pp. 5–6. The detailed history of continuing and extensive narcotics activity at 288–90 North Street distinguishes the present case from the facts in *Livonia Road*. That case by contrast involved the seizure of an isolated home on 120 acres of property on the basis of only three events. In light of the numerous arrests and search warrants executed at the property which did little to curtail the continuing drug activity, the Government had a greater interest in seizure of these premises than it did in *Livonia Road*.

Examining the factors set forth in *Mathews*, first, Nelson's property interest in a business property, although significant, does not rise to the significant level of interest in one's home. *Compare Livonia Road, supra.* Second, the risk of erroneous deprivation is mitigated by the ex parte probable cause hearing by this court. In actions for forfeiture, the Clerk of the Court may issue the seizure warrant, pursuant to the § 881. In this case, the Government came before this court and placed the evidence in the complaint and accompanying affidavits on the record. The Government told the court that this procedure was beyond the requirements of the rule and the court stated that this procedure should eliminate problems that might be raised about due process. Tr.

---

**2.** The initial motion papers which were filed before the *Livonia Road* decision refer to the greater constitutional rights an individual enjoys in his own home but do not aver that the third vacant apartment was claimant's home. After the *Livonia Road* case was decided, and the Second Circuit made clear that with regard

to seizure of a home, Section 881(a)(7) is unconstitutional, claimant then emphasized his "residence" at the address.

**3.** Claimant's unsupported contention that the apartment was vacant because repair work was in progress is unconvincing.

September 20, 1988 at p. 5. Third, the Government has a strong interest in seizing this property because of its inability to curb drug dealing through the arrests of dealers, including the claimant, on the site. In the instant case, the Government had a significant interest in effectuating the narcotics laws and eliminating the constant drug traffic occurring on the property.

Balancing the claimant's lesser interest in a business property, the low risk of an erroneous deprivation and the Government's interests in preventing continued narcotics sales on the property and in avoiding burdensome additional procedures, this court finds that the *ex parte* procedure used in this case did not violate claimant's due process rights.

(iii) Fourth Amendment Violation

■ Claimant argues that the seizure at issue violated the Fourth Amendment because the *ex parte* procedure invoked by the Government in obtaining the seizure warrant "clearly rendered the seizure ... unreasonable."

Claimant's argument essentially reiterates his due process attack on the *ex parte* procedure used by the Government to obtain the seizure warrant issued by this court. Implicit in his argument is that the Fourth Amendment requires something more than an *ex parte* application when real property is seized for purposes of forfeiture. However, the claimant cites no cases which hold, or even suggest, that an adversarial hearing is required before a seizure warrant may issue under the Fourth Amendment. In particular, to the extent the Fourth Amendment applies to a seizure of property under forfeiture statutes, the courts which have addressed the issue have held that the usual *ex parte* standard satisfies the warrant requirement. *See, e.g., United States v. Life Ins. Co. of Virginia*, 647 F.Supp. 732, 741 (W.D.N.C.1986); *United States v. $128,035*, 628 F.Supp. 668, 675 (S.D.Ohio), *appeal dismissed*, 806 F.2d 262 (6th Cir.1986). Because the seizure warrant at issue was granted by this court upon an *ex parte* showing of probable cause, any potential Fourth Amendment implications were properly addressed.

None of the three arguments discussed, *supra*, support claimant's argument on the constitutionality of Section 881. Thus, each of claimant's challenges to the constitutionality of 21 U.S.C. § 881 is rejected.

### B. Sufficiency of the Complaint

Claimant also moves to dismiss the complaint because it does not comply with the provisions of the Supplementary Rules for Certain Admiralty and Maritime Laws, Rule E(2), which is incorporated into Section 881 by subsection (d). *See* 21 U.S.C.S. § 881(d) (Law.Coop.Supp.1990).

■ Rule E(2) provides in its pertinent part: a "complaint shall state the circumstances from which the claim arose with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." This standard for particularity is more stringent than the requirements of the Federal Rules of Civil Procedure. Thus, a forfeiture complaint is subject to dismissal if it fails to assert specific facts supporting an inference that the property is in fact subject to forfeiture under Section 881. *Livonia Road*, 889 F.2d at 1266; *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1219 (10th Cir.1986); *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987).

■ Section 881(a)(7) provides that real property is subject to forfeiture if it was "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment...." 21 U.S.C.S. § 881(a)(7) (Law. Coop.Supp.1990). The Government's complaint must demonstrate probable cause that the property was connected with narcotics activity. In addition, in determining the sufficiency of a complaint under Rule E(2)(a), a court may examine supporting affidavits to determine whether they cure a lack of particularity in the complaint itself.

*Livonia Road,* 889 F.2d at 1266. Certainly, Lt. Earl D. Bonell III's affidavit which states the dates, circumstances, location and parties to the numerous drug transactions and arrests as well as the drugs, marked money, and weapons seized at the property incident to the arrests cured any defect in the complaint. *See Id.*

Thus, "[o]n balance it appears that the [claimant] was adequately apprised of the factual circumstances underlying the forfeiture action," and his motion to dismiss for lack of sufficiency of the complaint is unfounded. *Id.*

Each of claimant's arguments in support of his motion to dismiss are rejected. Accordingly, the motion is denied in all respects.

## II. GOVERNMENT'S CROSS–MOTION FOR SUMMARY JUDGMENT

The Government cross-moves for summary judgment pursuant to Fed.R.Civ.P. 56. The claimant argues that the Government has not met its burden of proof in accordance with Fed.R.Civ.P. 56(e).

■ Under 19 U.S.C. § 1615, incorporated into Section 881 by subsection (d), "the burden of proof shall be on the claimant.... provided, that probable cause shall be first shown for the institution of such suit or action, to be judged by the court." 19 U.S.C.S. § 1615 (Law.Coop.1983). To establish its case, the Government "must have reasonable grounds, rising above the level of mere suspicion to believe that the certain property is subject to forfeiture." *Livonia Road,* 889 F.2d at 1267 (citing *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986)). Once the Government has met its probable cause burden, Section 1615 places "the ultimate burden of proving that the factual predicates for forfeiture have not been met" on the claimant. *Banco Cafetero,* 797 F.2d at 1160. The claimant has the burden to prove either the property was not used unlawfully or that the illegal use was without the claimant's knowledge or consent, *United States v. Parcel of Real Property Known as 6109 Grubb Road,* 886 F.2d 618, *reh'g denied,* 890 F.2d 659 (3d Cir.1989);

*Livonia Road,* 889 F.2d at 1267: "when claimant introduces no such evidence, summary judgment may be granted for the government solely upon the basis of its showing of probable cause." *Livonia Road,* 889 F.2d at 1267.

■ In the instant action, the Government has met its probable cause burden. Pursuant to 21 U.S.C. § 881(a)(7), the Government may seize: *"all real property* including any right, title and interest in the whole of any lot or tract of land and any improvements, which is *used, or intended to be used, in any manner or part,* to commit, or to facilitate the commission of a violation of this title...." 21 U.S.C.S. § 881(a)(7) (Law.Coop.Supp.1990) (emphasis added). Thus, the Government's presentation of factual allegations of the continuing drug traffic at the property and numerous arrests that were made at the property support a probable cause determination that the property was subject to forfeiture under Section 881.

■ Claimant argues that the affidavit of Lt. Bonell III which the Government uses in support of its motion for summary judgment is hearsay and therefore does not meet the Fed.R.Civ.Proc. 56(e) required showing for summary judgment. However, probable cause has traditionally been permitted to be established by hearsay and courts have permitted the Government to meet its probable cause burden on summary judgment motions by the same evidence. *Livonia Road,* 889 F.2d at 1267; *see e.g. United States v. Parcel of Real Property Known as 6109 Grubb Road,* 886 F.2d 618 (3rd Cir.1989); *United States v. 526 Liscum Drive, Dayton, Montgomery County,* 866 F.2d 213, 217 n. 3 (6th Cir.1989). Thus, the Government has met both its Rule 56(e) and probable cause burdens.

■ Probable cause having been shown by the Government, in accordance with Section 1615, the burden of proof now falls on the claimant. Nelson alleges that he was an "innocent owner" and therefore his property is not subject to seizure. Section 881(a)(7) provides in its relevant part:

no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted *without the knowledge or consent of that owner.*

21 U.S.C.S. § 881(a)(7) (Law.Coop.Supp. 1990) (emphasis added). To support this contention, Nelson's affidavit states: "I never knowingly allowed anyone to sell drugs from my property or allowed that property to be used to store drugs or in any way to be used in a drug business."

However, this statement is insufficient to support an "innocent owner" defense as Nelson must allege he was without knowledge of *and* did not consent to the drug trafficking. The Ninth Circuit in *Feldman v. Perrill,* 902 F.2d 1445 (9th Cir.1990) held:

> [i]f the claimant *either* knew *or* consented to the illegal activities, the "innocent owner" defense is unavailable. The intent of the forfeiture provision is to seize all property that has a "substantial connection" to the illegal drug activity. This policy would be substantially undercut if persons who were fully aware of the illegal connection or source of their property were permitted to reclaim the property as "innocent" owners. The policy and legislative history of [Section 881] support [this] interpretation.

*Id.* at 1445 (citations omitted); *see also United States v. 15 Black Ledge Drive,* 897 F.2d 97, 102 (2d Cir.1990).

Nelson does not allege that he was unaware of the drug activity. Indeed, such an assertion would have little credibility given the evidence presented by the Government concerning Nelson's knowledge of the activity on his property, Nelson's arrest for narcotics sales and the drugs, marked money, and unregistered pistol seized incident to his arrest. In light of the continued drug activity on the property, claimant's presence on the property during a number of drug arrests and indeed claimant's own arrest on the property, the innocent owner defense verges on the ridiculous.

 When a claimant introduces no evidence to prove that the factual predicates of forfeiture have been met, showing either that the property was not used unlawfully or that the illegal use was without his knowledge or consent, summary judgment may be granted for the Government solely on the basis of its showing of probable cause. *Livonia Road,* 889 F.2d at 1267. Therefore, because the Government has met its probable cause burden and claimant has failed to raise a genuine issue of material fact to demonstrate that the seized property was not used to facilitate narcotics violations, the Government's cross-motion for summary judgment is granted.

### CONCLUSION

The claimant's motion to dismiss is denied in all respects and the Government's cross-motion for summary judgment is granted.

SO ORDERED.