UNITED STATES of America, Plaintiff,

v.

**$46,559.00 IN U.S. CURRENCY, and One 1984 Chevrolet Camaro, ID No. 1G1AP87G8EL167125, Bearing Oregon Dealer's License No. DA979J, its Tools and Appurtenances, In Rem, Defendants,**

and

**Kathy Patsch Sales, Claimant.**

**Civ. No. 89–0169–BE.**

United States District Court,
D. Oregon.

Nov. 16, 1990.

Charles H. Turner, U.S. Atty., D. Oregon, Jack G. Collins, Asst. U.S. Atty., Portland, Or., for plaintiff.

William G. Whitney, Portland, Or., for claimant Kathy Patsch Sales.

OPINION

BELLONI, District Judge.

The United States seeks civil forfeiture of the defendant $46,559.00 in United States currency, one 1984 Chevrolet Camaro, ID No. 1G1AP87G8EL167125, bearing Oregon dealer's license No. DA979J, and its tools and appurtenances. Melvin Frank Schaff claimed a part ownership interest in the Chevrolet Camaro and claimed an ownership interest in $21,559.00 of the United States currency. Kathy Patsch Sales claimed an ownership interest in the defendant Camaro and an ownership interest in $25,143.00 of the United States currency.

On April 26, 1990, I granted the United States' motion for summary judgment in regards to Melvin Frank Schaff's claim to the Camaro and his claim to the United States currency. I denied the government's motion for summary judgment in regards to Kathy Patsch Sales' claim to the Camaro and its claim to the United States currency. I found that there was probable cause that the currency and Camaro were intended to be furnished in exchange for controlled substances but that there were genuine issues of material facts as to whether or not Kathy Patsch Sales was an innocent owner. In regards to the defendant–Camaro, the government subsequently settled with Kathy Patsch Sales.

On November 6, 1990, I tried the remaining issue, in which claimant Kathy Patsch Sales argued that it was an innocent owner of $25,143.00 in United States currency and that the government was not entitled to forfeiture. Pursuant to Fed.R.Civ.Pro. 52, the following constitutes my findings of fact and conclusions of law.

## FACTS

Kathy Patsch Sales was an Oregon business which bought and sold automobiles and which ran a carpet cleaning and janitorial service. Kathy Patsch was the sole owner of Kathy Patsch Sales, and Anthony Salvatore DeLucca was employed as the manager of Kathy Patsch Sales. Kathy Patsch and Anthony DeLucca co-habited. Patsch obtained the capital to start the automobile dealership business from her revenue in the carpet cleaning business and from a divorce settlement. In April 1987, Kathy Patsch Sales obtained a Portland Auto Auction license with DeLucca as an authorized dealer.

Late in 1987, DeLucca contracted with Melvin Schaff to attend auto auctions, to purchase automobiles for Kathy Patsch Sales and to sell automobiles at a profit. DeLucca had been informed that Schaff had an expertise in the used car business and could sell cars on a wholesale basis at a profit. Patsch did not personally know Schaff and trusted DeLucca's opinion of him. Prior to hiring Schaff, Kathy Patsch Sales did not check Schaff's credit, employment history, or driver's license status. Patsch had no knowledge that Schaff was involved in the business of drug dealing. DeLucca, however, had heard that at Schaff's former employer's residence a female had died of a drug overdose, and Schaff was in some way involved. Patsch had not known Schaff before he was hired and had known him only a few months when she authorized DeLucca to entrust $25,000 in cash to his custody.

In April 1988, DeLucca arranged for Schaff to drive the defendant Camaro to a California auction, sell the automobile, and then purchase additional automobiles. On or about April 20, 1988, Schaff arrived at DeLucca and Patsch's residence in order to pick up the cash which would be used to purchase additional automobiles. DeLucca took $25,000 out of the household safe. Patsch testified that she obtained the $25,000 from insurance claims for hail damage to her property in Klamath Falls, Oregon, profits from her carpet cleaning business, payments of past due child support, household goods sales, and automobile sales. The currency was in various denominations, but DeLucca testified that he could not remember how he had packaged the currency. Patsch testified that she saw the currency on her table but she did not see DeLucca take the money out of the safe or see Schaff leave with the currency, but she trusted DeLucca and authorized him to give Schaff the money.

In order to purchase high quality automobiles, Schaff agreed to match the funds that DeLucca supplied to him. Two or three days later, DeLucca was at Schaff's residence, and Schaff explained that he could not match the funds exactly but had just over $20,000.00 to take to California. DeLucca agreed to this arrangement.

On April 24, 1988, Schaff was driving south towards California, when Oregon State Police Trooper Don Jeter stopped Schaff for speeding. Schaff was driving the defendant 1984 Chevrolet Camaro on Interstate 5 near Medford, Oregon. Gloria Gardner, Schaff's girlfriend, was a passenger in the Camaro. Schaff displayed a driver's license in the name of Clifford Jack Keller. Schaff stated at first that he was traveling to California to visit a sister and that he had bought the Camaro in Portland the prior week for $5,700.00 but did not have the legal papers. The vehicle had dealer's plates, and Schaff presented a dealer's card, which contained a different name than the name on his driver's license. Schaff then stated that Mel Schaff owned the car. He then admitted that he was Mel Schaff, that his license was suspended, and that the car belonged to Kathy Patsch Sales. The officer gave Schaff his Miranda warnings and arrested him for driving with a suspended license. $1,549.00 in cash was found in Schaff's front left pant pocket.

Schaff gave Trooper Don Jeter his oral and written consent to search the vehicle. Trooper Jeter discovered a camera case in the trunk containing $45,000.00 in United States currency, scotch taped in $1,000 increments, and a 9mm automatic pistol, later discovered to be stolen. A .357 caliber revolver and a briefcase in which there was a marijuana pipe and some seeds were also

found in the car. Gloria Gardner consented to the search of her purse, and the trooper discovered a marijuana pipe and marijuana. Schaff admitted that he gave Gardner a film canister containing marijuana and a plastic baggy to hide when they were stopped. A trained narcotic detection dog from the Jackson County Sheriff's Office was used, and the dog alerted to the $45,010.00 in the trunk of the defendant Camaro as well as the $1,549.00 located on Schaff's person. A paper bag, which contained suspected tar heroin, was later found underneath the back seat of the patrol car that transported Schaff to jail.

The law enforcement agents had information that from October, 1987 until September, 1988 Schaff dealt cocaine and that he had made three to four trips to California by car for the purchase of cocaine. Schaff was indicted and convicted on two counts of conspiracy to possess with intent to distribute and conspiracy to distribute cocaine.

## DISCUSSION

■ 21 U.S.C. § 881(a)(6) provides for a forfeiture when the government has shown probable cause that "all moneys ... or things of value were furnished or intended to be furnished by any person in exchange for a controlled substance." This court held on motions for summary judgment that the government has demonstrated probable cause. *United States v. $46,-559.00 in U.S. Currency, and One 1984 Chevrolet Camaro*, slip opin. Civ. No. 90–169 (D.Or. April 26, 1990). The parties also stipulated that the government has demonstrated probable cause. Kathy Patsch Sales, thus, carries the burden of persuading the court by a preponderance of the evidence that a valid defense to the forfeiture exists. 19 U.S.C. § 1615 (1981).

■ Claimant has the burden of proving that it is the owner of the specific defendant currency. 21 U.S.C. § 881(a)(6). Once ownership or a property interest is

established, the claimant then has the burden to prove that the currency has an independent, innocent source, *United States v. $215,300 U.S. Currency*, 882 F.2d 417 (9th Cir.1989), and that the currency, which was intended to be used for illicit purposes, was used without the knowledge or consent of the owner. *See United States v. Tax Lot 1500, TP. 38 SO., Range 2 East*, 861 F.2d 232, 234 (9th Cir.1988); 21 U.S.C. § 881(a)(6).

Kathy Patsch Sales bases its assertion that it is the owner of the currency on the following facts: DeLucca took $25,000 out of the safe; Patsch saw a large amount of money on her table when Schaff was at her and DeLucca's house; and Schaff left Patsch and DeLucca's house with the $25,-000.00.[1] DeLucca testified that when he was at Schaff's house a few days before Schaff left for California, he saw the bag in which Schaff had placed the currency from Kathy Patsch Sales, in the back of the Camaro. I, however, do not find DeLucca's testimony that he saw the specific currency in the Camaro to be credible.

The state police discovered all of the defendant $45,000.00 wrapped in clear adhesive tape and packaged in $1000.00 increments. A police dog alerted to the currency, thus identifying controlled substance on the currency. Kathy Patsch Sales produced no evidence, such as the method of packaging the currency or the denominations of the currency, that would demonstrate that the currency in the Camaro was the same specific currency that DeLucca gave to Schaff. Neither Patsch nor DeLucca maintained a list of serial numbers that could identify the currency found in the Camaro. Kathy Patsch Sales has not demonstrated a chain of custody between the $25,000.00 that DeLucca gave to Schaff at his residence and the currency found in the Camaro which Schaff was driving when he was arrested. I find that Kathy Patsch Sales has not proven by a preponderance of the evidence that it is the owner of the

---

1. Kathy Patsch Sales was grossly negligent in employing Schaff and giving him $25,000.00 in cash when she had known him only a few months. Patsch and DeLucca did not investigate Schaff's employment, driving or criminal record. DeLucca knew that Schaff was in some way involved in a friend's overdose of a controlled substance and did not investigate it.

**616**

defendant currency, which was discovered in the trunk of the Camaro.

## CONCLUSION

Kathy Patsch Sales has failed to prove a valid defense to the government's showing of probable cause as to the defendant $25,-143.00. Kathy Patsch Sales' claim is dismissed, and the defendant $25,143.00 is forfeited to the United States of America free and clear of the claims of all persons.