UNITED STATES of America

v.

1990 CHEVROLET SILVERADO PICKUP TRUCK VIN 1GCDC14K0LZ158560.

UNITED STATES of America

v.

702 UNION ROAD, GASTONIA, NORTH CAROLINA, (Deed Book 1504, Page 575, Gaston County Registry) and $4,568.00 in U.S. Currency and $22,183.00 in U.S. Currency.

Nos. C–C–91–430–P, C–C–90–354–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 28, 1992.

778

Frank D. Whitney, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

W. Robinson Deaton, Jr., Shelby, N.C., Kenneth P. Andresen, Charlotte, N.C., for defendant.

ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on motion for summary judgment filed by Plaintiff, United States of America (the Government), on July 2, 1992. Plaintiff filed its complaint requesting forfeiture of Defendant 1990 Silverado pick-up truck (Defendant truck) with its supporting affidavits December 20, 1991 and its complaint for forfeiture of Defendant $22,183.00 in U.S. currency (Defendant currency) on November 14, 1990. Claimant, Jerry Coleman Payne (Payne), filed his answer to the complaint concerning Defendant truck on January 8, 1992 and concerning Defendant currency on February 12, 1991. The Government filed its brief in support of its motion for summary judgment on July 2, 1992. Payne filed his response to the instant motion for summary judgment with accompanying affidavits on July 24, 1992.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a criminal investigation by local and federal authorities focused on illegal gambling activities alleged to have occurred in Gastonia, N.C. at a house known as 702 Union Road. The Defendant properties are a 1990 Chevrolet Silverado pickup truck, and $22,183.00 in U.S. currency. On June 21, 1992 in a case denominated civil number C–C–90–0345–P, this Court entered Partial Default Judgment of Forfeiture as to 702 Union Road and $4,568.00 in U.S. currency.

On December 20, 1991, Magistrate Paul B. Taylor found probable cause that the Defendant truck was involved in illegal activities connected with those occurring at 702 Union Road and issued a warrant for its arrest *in rem*. Previously, on November 4, 1990, Magistrate Taylor found probable cause that the Defendant currency was also implicated in illegal activities and issued a warrant for its arrest *in rem*. Consequently, the Defendant properties have been arrested.

On February 12, 1991, Petitioner filed a claim of ownership for the Defendant currency which accompanied his answer. On January 8, 1992 Petitioner filed a claim of ownership for the Defendant truck which also accompanied his answer.

### A. *Defendant truck*

The Government contends in its complaint that the Defendant truck is part of the proceeds and/or was involved in a transaction or attempted transaction which laundered the proceeds of an illegal gambling business in violation of 18 U.S.C. § 1956 and/or § 1957. Petitioner's answer denies his property was involved in or is the proceeds of an illegal transaction.

The Government asserts there is probable cause to believe the Defendant truck was purchased, in part, by trading a 1989 truck which was used as transportation furthering an illegal gambling business. Furthermore, the Government claims the 1989 truck was purchased with money illegally derived from a gambling business prohibited by 18 U.S.C. § 1955 and unlawfully laundered under 18 U.S.C. §§ 1956–57 in violation 18 U.S.C. § 1962.

In support of the Government's complaint, it submits an affidavit sworn to by Federal Bureau of Investigation Special Agent Daniel B. Caylor. In his affidavit, Agent Caylor further states that following a lawful seizure of the Defendant truck at the 702 Union Road gambling house (already forfeited to the Government), he and a Gastonia Police officer conducted an inventory search that revealed sports wagering booklets in the truck.

Agent Caylor also states that a 1989 truck was traded in partial payment by Claimant for the Defendant truck. Agent Caylor also states a search of North Carolina Department of Motor Vehicle records reveals the 1989 truck was registered to Claimant and that the Defendant truck is currently registered to Claimant. Furthermore, Agent Caylor states by affidavit that records at Sonny Hancock Chevrolet, Inc. and BB & T Bank in Gastonia, N.C. show Petitioner purchased the 1989 truck for $14,005.00 in cash paid partially with a check in the amount of $6,000.00 payable to and endorsed by Doug McSwain, and par-

tially with currency.[1] Additionally, Affiant states that the title to the Defendant truck indicates it was purchased, in part, by trading in the 1989 truck.

Finally, the Government states in its complaint that probable cause exists to conclude the Defendant truck was involved in illegal transactions or in facilitating violation of 21 U.S.C. § 801 *et seq.* (offenses concerning illegal drug trafficking). As previously noted, on December 20, 1991, Magistrate Paul B. Taylor found probable cause that the Defendant truck was involved in illegal activities and accordingly issued a warrant for its arrest *in rem.*

Claimant denies there is probable cause linking Defendant truck to the gambling crimes. Claimant also denies the Government's claim that his truck was involved in drug trafficking in his answer, but offers no further proof on the matter. Petitioner further submits an affidavit stating his relationship with Doug McSwain is limited to a joint contract the two men entered into with Stewart Construction Company of Gastonia, N.C. for the construction of a building in Clover, S.C.

However, Claimant admits in his affidavit that McSwain endorsed a $6,000 check to Claimant for the purchase of the 1989 truck which he traded in on the Defendant truck. Claimant further claims in his affidavit that the $6,000 was a "loan" and that the Defendant truck, and the 1989 truck were only used for family purposes.

### B. *Defendant currency*

The Government states in its complaint seeking forfeiture of Defendant currency that the money was seized from Petitioner at 702 Union Road along with a black notebook containing gamblers' phone numbers. On November 4, 1990, Magistrate Taylor found probable cause that the Defendant currency was also involved in illegal activi-

ties and issued a warrant for its arrest *in rem.*

Claimant admits the money was seized from him at 702 Union Road, but denies all else. By affidavit, Claimant states the Defendant currency is the product of a $10,000 investment made by Kathy McCluney and a $20,000 loan made by Jerry Alexander, Jr. Claimant further states these monies were to be used to pay the balance due on the contract he and Doug McSwain entered into with Stewart Construction. Claimant submits signed affidavits by Jerry Alexander and Kathy McCluney which attest to the investment with and loan made to Claimant. Claimant also submits a letter by Campbell Construction which acknowledges the amount due and that "It was our understanding that the monies in question were to partially satisfy our invoice."

## II. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). The moving party in a summary judgment motion bears the initial burden of proving no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

After the moving party has met its burden, the non-moving party must present specific facts showing evidence exists to support its claim and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *see* F.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon mere allegations or denials of the adverse par-

---

1. Affiant states the record owner of 702 Union Road is Kim McSwain, daughter of Doug McSwain. However, Gaston City Light and Water records reveal "D. McSwain" was the person billed for the utilities of 702 Union Road. Furthermore, Affiant states that criminal investigations have revealed McSwain operated a gambling business in 702 Union Road and at other

locations. Moreover, Affiant states that pursuant to a search warrant issued October 10, 1989, a search of 702 Union Road revealed substantial amounts of assorted gambling paraphernalia. Consequently, 702 Union Road has been forfeited to the United States because of its connection to an illegal gambling business.

ty's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). When considering motions for summary judgment, courts must view the facts and inferences in a light most favorable to the party opposing the motion for summary judgment. *Matsushita*, 475 U.S. at 587–88; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When, however, the evidence from the entire record could not lead a rational factfinder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587.

■ The Government must demonstrate it is entitled to judgment as a matter of law in order to prevail in this motion. The applicable forfeiture law in this case is found in 18 U.S.C. § 981 and 18 U.S.C. § 1955(d)[2]. 18 U.S.C. § 981 provides, in relevant part:

(a)(1) [T]he following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 or 1957 of this title, or any property traceable to such property.

(b)(1) Any property—

(A) subject to forfeiture to the United States under subparagraph (A) ... of subsection (a)(1) of this section—

(ii) may be seized by the Attorney General....

(2) Property shall be seized under paragraph (1) of this subsection upon process issued pursuant to the Supplemental Rules for certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(B) the Attorney General ... has obtained a warrant for such seizure pursuant to the Federal Rules of Criminal Procedure...."

(f) All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.

18 U.S.C. § 981 *et seq.* (1991).

This statute permits the Attorney General, "or his delegate," to seek the forfeiture of certain criminally tainted properties through civil rather than criminal proceedings. To prevail under this statute in the instant case, the Government must demonstrate probable cause[3] that the property for which forfeiture is sought was involved either in a transaction, or an attempted transaction which violated 18 U.S.C. §§ 1956, 1957 or the property is somehow traceable to property which was involved in violating §§ 1956, 1957[4]. 18 U.S.C. § 981(b)(1)(A)(i) (1991); *Id.* § 981 at (a)(1)(A). Alternatively, the Government must show probable cause the Defendant property violated 18 U.S.C. § 1962 with specified unlawful activity as 18 U.S.C. § 1955 (racketeering enterprise in illegal gambling business).

■ Under § 981, property is forfeited to the United States automatically upon the happening of an act which violates a crime enumerated in this statute. *Id.* § 981 at (f). All that remains for the Government to successfully complete the forfeiture is to properly take possession of the criminally tainted property and institute a civil action

---

**2.** With respect to the forfeiture provision found in 18 U.S.C. § 1955(d), all applicable procedural aspects of that statute are identical to those found in § 981 which is explained herein *infra*.

**3.** The procedural aspects of civil forfeiture cases are governed by 19 U.S.C. §§ 1602–1619. The standard of proof provided for in § 1615 of that title is probable cause.

**4.** 18 U.S.C. § 1956 provides in relevant part, (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such financial transaction which in fact involves the proceeds of specified unlawful activity—

(A)(i) with intent to promote the carrying on of specified unlawful activity; or

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

seeking a judgment of forfeiture. Proper possession is accomplished by constitutionally proper seizure.

■ By the terms of § 981(b)(2), a proper seizure of forfeited property is accomplished according to the procedural standards established in 19 U.S.C. § 1615. According to § 1615, before a seizure may be achieved, "probable cause shall first be shown for the institution of such suit or action...." *Id.* § 1615. As one Court has noted, this means the Government must establish "there is probable cause to believe the property was involved in criminal wrongdoing...." *United States v. $83,-320 in United States Currency,* 682 F.2d 573, 577 (6th Cir.1982). Probable cause in this context means "the aggregate of facts gives rise to more than a mere suspicion that the property was involved in or intended to be involved in the illegal activity; the presence or absence of any single fact is not dispositive." *U.S. v. All Monies ($477,-048.62) in Account 90-3617-3,* 754 F.Supp. 1467, 1471 (D.Hawaii 1991).

■ Once the Government establishes probable cause that a specified crime has been committed involving the Defendant property, a warrant for the arrest and seizure of the property is issuable and "the burden shifts to the claimant to show that the property was not used in violation of the law." *Id.* In other words, "[i]f unrebutted, a showing of probable cause alone will support forfeiture." *U.S. v. Real Property Known as 11348 Wyoming, Detroit Michigan,* 705 F.Supp. 352, 354 (E.D.Mich.1989).

■ After the Government proves probable cause, the burden of proof shifts to the Claimant under § 1615. The burden on the Claimant at this point amounts to this: he must show any one of the following is sufficiently true so as to raise a genuine factual dispute. To satisfy this burden, Claimant must adequately show: 1) the

finding of probable cause supporting the original seizure was factually and legally unfounded; *Id.* or, 2) affirmative proof that the Defendant property was neither purchased with proceeds derived from illegal activity nor traceable to such proceeds; *Id.* or, 3) the Claimant lacked knowledge of the illegal conduct to which the property is linked and did not himself knowingly consent to the use of the property in the criminal endeavor.[5] *U.S. v. 288-290 North Street, Middletown, N.Y.,* 743 F.Supp. 1068, 1076 (S.D.N.Y.1990). Therefore, Claimant's least challenging burden is simply to negate the Magistrate's finding of probable cause linking Defendant property to criminal activity at the time of the seizure.

## III. ANALYSIS

### A. *Standing*

■ As a threshold matter, 19 U.S.C. § 1615 places the burden on Claimant to establish he has standing to contest this seizure. Standing is essentially the same as proof of ownership and must be found before a court may even consider Claimant's forfeiture challenge.

> "It is the owner or owners of the res who have standing to challenge a forfeiture. Broadly speaking, ownership may be defined as having a possessory interest in the res, with its attendant characteristics of dominion and control. The possession of bare legal title to the res may be insufficient to establish ownership."

*United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial Number 22186,* 604 F.2d 27 (8th Cir.1979) (citations omitted). Furthermore, standing exists where a claimant shows "at least a colorable interest in the proceedings sufficient to satisfy the case or controversy requirement.... This principle applies to all forfeitures." *United States v. $321,470,* 874 F.2d 298, 302 (5th Cir.).

---

**5.** The Supreme Court has provided in dicta that forfeiture is inappropriate under the Fifth Amendment just compensation clause in instances where the Claimant is advancing an "innocent owner" defense if the owner proves, "he was uninvolved and unaware of the wrong-

ful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689 (1974).

■ The Court finds that Claimant has standing as to Defendant truck, but not as to Defendant currency. Claimant has submitted to the Court his legal title to the Defendant truck and has by affidavit demonstrated facts which permit the Court to conclude he possesses a cognizable interest in the contested vehicle.

However, with regard to Defendant currency, Claimant has merely submitted an affidavit signed and attested to by Jerry W. Alexander which states "on the date of Sept. 29, 1989 [I] loaned Jerry Payne the sum of twenty thousand dollars." and an affidavit signed and attested to by Kathy McCluney which says, "I gave Jerry Payne $10,000 cash to pay Campbell Construction Company." This Court will grant that Claimant was loaned $20,000 from Alexander and given an investment sum of $10,000 from McCluney. However, having granted the Claimant these facts, no facts have been shown by Claimant which permit the Court to link the money given to him by Alexander and McCluney to the money found in his possession at 702 Union Road.

Claimant's bare assertions that he was given innocent currency, and that the Defendant currency is his—without somehow connecting one to the other—does not establish either that the Defendant currency is traceable to innocent sources or that he owns it. Claimant must show Defendant currency is the exact same currency given to him by Alexander and McCluney and that he owns it. *United States v. $46,-559.00 in United States Currency,* 758 F.Supp. 613, 615 (D.Or.1990). Claimant has failed to prove either the origin of Defendant currency or that he owns it. Accordingly, Claimant has failed to establish standing as to Defendant currency.

### B. *Defendant Currency*

The Government has established probable cause that the Defendant currency was involved in criminal wrongdoing by the arrest warrant Magistrate Taylor issued.

The Government having met its burden, and the Claimant having failed to demonstrate standing to contest the seizure, there exists no genuine issue of fact concerning the propriety of the forfeiture of Defendant currency. Therefore, since Claimant has not established even bare legal title to Defendant currency, and no disputed facts are presented, entry of summary judgment for the Government as to Defendant currency is appropriate.

### C. *Defendant Truck*

■ The Government has established its burden of proving probable cause that Defendant truck was involved in criminal activity by Magistrate Taylor's arrest warrant. Thus, the burden is on Claimant to advance, at the very least, facts which create a dispute concerning the propriety of the Magistrate's probable cause finding. The record before the Court reveals Claimant has failed to create a meaningful dispute even on the existence of probable cause to connect the Defendant truck to the alleged criminality.

The facts supplied by Agent Caylor, upon which Magistrate Taylor relied in finding probable cause, make clear at least one avenue by which probable cause could properly be found linking the Defendant truck to criminal endeavors. The Defendant truck was partially purchased by trading in a truck purchased with a check provided by McSwain. McSwain, according to the local and federal investigators, operated an illegal gambling business at 702 Union Road. Claimant admits he received the $6,000 check and used it to purchase the 1989 truck. Claimant also admits he traded the 1989 truck to obtain the Defendant truck. The Magistrate found these facts created probable cause to believe Defendant truck had been purchased in violation of 18 U.S.C. § 1956.[6] Claimant's denial that probable cause exists hardly creates a genuine dispute since "the adverse party may not rest upon mere ... denials ... but ... by affidavits must set forth facts show-

---

**6.** 18 U.S.C. § 1956 (a)(1)(A)(i) (1991) provides, "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a transaction which in fact involves the proceeds of specified unlawful activity—with intent to promote the carrying on of specified unlawful activity ... shall be sentenced to a fine of not more than $500,000 ... or imprisonment...."

ing there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587–88.

Claimant no where disputes that the $6,000 he used to purchase the 1989 truck represents the proceeds of an illegal gambling business. Similarly, he does not assert he did not know the money represented illegally derived proceeds. Likewise, Claimant does not deny that he took the money with intent to further the illegal gambling operation. Since sufficient facts exist to find probable cause that this money represents illegal proceeds of a gambling business and that Claimant knowingly received this money intending to promote that criminal endeavor, and since Claimant does not dispute this, no genuine issue of fact is presented.

## III. CONCLUSION

Since Claimant has not come forward with facts disputing Magistrate Taylor's finding of probable cause, it follows that he has not affirmatively shown the Defendant truck was not implicated in criminal activity. Moreover, Claimant nowhere asserts that he was ignorant of facts which indicated the Defendant truck was involved in criminal endeavors. Finally, since Claimant has not established either that Defendant currency was the innocent money loaned to and invested with him or that he owns it, he lacks standing to challenge the seizure of Defendant currency. Therefore, the Court finds Claimant's challenge to this forfeiture action lacks merit. Since Claimant raises no genuine issues of material fact, and the Government has met its burden, the Court holds the Government is entitled to summary judgment.

NOW, THEREFORE, IT IS ORDERED that the Government's motion for summary judgment be, and hereby is, GRANTED as to Defendant 1990 Chevrolet Silverado Pickup Truck VIN 1GCDC14K0LZ158560 and $22,183.00 in U.S. Currency.

The Clerk is directed to certify copies of this Order to Claimant, Claimant's counsel, and the United States Attorney.