995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Coleman PAYNE, Claimant-Appellant,
and
Union Road, Gastonia, North Carolina (Deed Book 1504, page
575, Gaston County Registry); $4,568.00in U.S.
Currency; $22,183.00in U.S. Currency, Defendants,
Kim McSwain, Claimant. United States of America, Plaintiff-Appellee,
v.
Jerry Coleman Payne, Claimant-Appellant,
and
1990 Chevrolet Silverado Pickup Truck VIN 1GCDC14KOLZ158560,
Defendants.
 
 No. 92-2430, 92-2431.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1993.
Decided: June 21, 1993.
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-90-354, CA-91-430)
 W. Robinson Deaton, Jr., Law Offices of W. Robinson Deaton, Jr., Shelby, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Frank D. Whitney, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Jerry Coleman Payne appeals from a district court order which granted summary judgment to the government on its complaint for forfeiture of a 1990 Chevrolet Silverado pickup truck and over twenty-two thousand dollars in currency.
 
 
 2
 Because we find that the government established probable cause that the truck and currency were subject to forfeiture, we affirm the district court's order of forfeiture of both properties.
 
 
 3
 The government obtained forfeiture of the truck and currency under 18 U.S.C. § 1955(d) (1988), which provides that any property used in violation of that section (on illegal gambling businesses) may be seized and forfeited to the United States, and 18 U.S.C.A. § 981(a)(1)(A) (West Supp. 1992), which provides for forfeiture of any property involved in evading currency reporting requirements or money laundering. The government asserts that the truck was used in a gambling operation and purchased through the trade-in of another truck that was purchased with funds generated by an illegal gambling enterprise. The government continues that the currency was involved in money laundering transactions to promote an illegal gambling business. Payne counters that there was no evidence that he participated in a gambling enterprise in violation of 18 U.S.C.s 1955 and that his purchase of the truck was not traceable to illegal gambling. He contends that neither the truck nor the currency were used in violation of section 1955.
 
 
 4
 In a civil forfeiture proceeding, the government must show probable cause that the property is subject to forfeiture; the burden then shifts to the claimant to prove by a preponderance of the evidence "that the factual predicates of forfeiture have not been met." United States v. One Parcel of Real Estate, 906 F.2d 110, 111 (4th Cir. 1990), quoting United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 (2d Cir. 1986). If the claimant cannot produce such evidence, summary judgment is properly granted to the government based upon its showing of probable cause. Id. Conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property. Id.
 
 Probable cause for the
 
 5
 purpose of forfeiture proceedings is the same standard used in search and seizure cases. United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990). Direct connection between the property subject to seizure and the illegal activity that renders the property forfeitable need not be shown in order to establish probable cause. Id., citing United States v. Edwards, 885 F.2d 377, 390 (7th Cir. 1989). This Court should pay"great deference" to a magistrate's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). This Court must ensure only that the magistrate had a "substantial basis" for concluding that probable cause existed. Id. at 238-39.
 
 
 6
 Based on information obtained from documents found in the trash of a house at 702 Union Road and from a confidential informant, Gastonia police and the FBI began a three-month surveillance of the house because they suspected it was the site of illegal gambling. They observed heavy pedestrian and vehicular traffic at the house and noted many regular visitors. After executing a search warrant in October 1989, the Gastonia police department discovered that one bedroom of the house was used exclusively for poker games; another contained telephones, desks, betting and ledger sheets and other gambling paraphernalia. They also found video poker machines. There were no beds, stove, food or bath towels in the house.
 
 
 7
 Payne arrived at the house while the officers were executing the search warrant, and removed over twenty-two thousand dollars in cash from his pants pocket. He also had a notebook containing phone numbers of known gamblers with various numerical notations. The Gastonia police seized the cash and the notebook, and the government moved for forfeiture. Payne alleged that he had not obtained the money by unlawful means and that he was carrying it to make a payment on a debt he owed to a construction company. The magistrate judge found probable cause for forfeiture of the currency and issued a Warrant for Arrest in rem.
 
 
 8
 The government also moved for forfeiture of Payne's 1990 Chevrolet Silverado pickup truck after conducting further investigation. The government alleged that the truck was purchased by the trade-in of another truck purchased with funds generated by illegal gambling and that the truck was used in furtherance of the gambling business. The government asserted that it seized the truck because its purchase represented a laundering of funds in an illegal gambling business. After the vehicle was impounded, FBI agents searched it and found wagering booklets for professional and college basketball games. A magistrate judge found probable cause for the forfeiture and issued a Warrant for Arrest in rem of the vehicle.
 
 
 9
 Payne filed his answers to the complaints for forfeiture, and the government moved for summary judgment in both actions. The district court held that the currency was properly forfeited because Payne had not established standing and the truck was properly forfeited because Payne did not establish that the truck was not involved in gambling activities. United States v. 1990 Chevrolet Silverado Pickup Truck, 804 F. Supp. 777 (W.D.N.C. 1992).
 
 
 10
 Any property used in violation of the provisions of 18 U.S.C. § 1955 may be seized and forfeited to the United States. 18 U.S.C. § 1955(d). We find that the government established probable cause for forfeiture of the currency[1] and the truck because they were involved in the operation of an illegal gambling business. Furthermore, Payne failed to meet his burden to show that the currency and the truck were not involved in the gambling activity. Therefore, the currency and truck were properly forfeited under § 1955(d).
 
 
 11
 In addition, we also find that Payne did not meet his burden to show that forfeiture of the currency and truck was improper under 18 U.S.C. § 981. The currency was involved in laundering transactions designed to promote the "specified unlawful activity" of an illegal gambling business and was traceable to other money involved in the laundering of proceeds of an illegal gambling business. Likewise, the truck was traceable to laundered proceeds from the gambling business and was a transaction structured to evade a currency reporting requirement.
 
 
 12
 For these reasons, we affirm the district court order granting summary judgment to the government in its forfeiture actions.[2]
 
 AFFIRMED
 
 
 [1]
 For purposes of this opinion we assume, without deciding, that Payne established standing to challenge the forfeiture of the currency
 
 
 [2]
 We previously granted Appellant's Motion to Submit on Briefs and thus have dispensed with oral argument in this case